## Schmitt *v.* City of Philadelphia, Appellant.

*Practice, Supreme Court—Error not excepted to or assigned— Radical error—Erroneous order—Appeal—Condemnation proceedings—Collateral proceeding for costs.*

1. Ordinarily the Supreme Court will not consider an error which is not made the subject of exception or assignment, but where there is a radical error patent on the face of the record, especially when the lower court has made a final order which cannot be executed and which in itself is erroneous, such error may be corrected on appeal in the absence of exception or assignment.

2. Where, pending an appeal from an award of viewers in condemnation proceedings, the ordinance appropriating the land in question and directing its condemnation is repealed, the court has no power in a collateral proceeding to determine what costs a land owner may recover, and in such proceeding a decree directing payment of such costs is so fatally erroneous that on an appeal therefrom the Supreme Court will correct such error, even where it is not made the subject of an assignment.

Argued Jan. 13, 1915. Appeal, No. 265, Jan. T., 1914, by defendant, from judgment of C. P. No. 5, Philadelphia Co., Dec. T., 1911, No. 7045, dismissing exceptions to master's report in case of Harry Schmitt v. City of Philadelphia. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Petition for appointment of master to determine costs in condemnation proceeding. Before STAAKE, J.

The opinion of the Supreme Court states the facts.

The court dismissed the defendant's exceptions to the master's report. Defendant appealed.

*Error assigned* was in dismissing the exceptions.

*Edwin O. Lewis,* Assistant City Solicitor, with him *Michael J. Geraghty,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellant.

*Frederick F. Windle,* with him. *Evan B. Lewis,* for appellee.

OPINION BY MR. JUSTICE STEWART, February 8, 1915:

This record discloses error, which, though not made the subject of exception or assignment, is too serious to be overlooked. "We do not indeed," observes STRONG, J., in Bean's Road, 35 Pa. 280, "often notice exceptions not taken in the court below, but where there is a radical error patent on the face of the record, especially when the court has made a final order which cannot be executed, an order which in itself is erroneous, we will correct the mistake." This expresses the situation here as we shall try to show.

The City of Philadelphia, in August, 1911, began proceedings looking to the condemnation and appropriation for park purposes of a tract of land belonging to Harry Schmitt, this appellee, containing between four and five acres. At the city's instance viewers were appointed to assess the damages. By their report, made 2d February, 1912, they awarded to Schmitt the sum of $24,263.00. From this award both parties appealed, and their appeals are still pending unadjudicated. Subsequent to the taking of these appeals the City of Philadelphia by ordinance repealed the earlier ordinance appropriating the land and directing its condemnation. Thereupon, 14th March, 1914, Schmitt presented his petition to court reciting the fact of the repeal of the appropriating ordinance by the city, and praying that a rule issue to show cause why an order of reference to a master should not be entered to determine and report plaintiff's reasonable cost, expenses and counsel fees incurred by reason of the premises. To this rule the city made no answer, and accordingly the rule was made

absolute, and an order followed appointing a master for the purpose, viz, "to determine and report to this court the plaintiff's reasonable cost, expenses and counsel's fees incurred in his proceedings before the road jury or board of viewers, and on appeal, for which the City of Philadelphia is liable." After due hearing in which the only claim presented was for counsel's fee, the master filed his report finding that $1,650.00 was a reasonable allowance for counsel's compensation, and that the city was liable for the same. Numerous exceptions were filed to the master's report which were overruled; then followed the decree from which this appeal is taken by which it is ordered, adjudged and decreed "that the City of Philadelphia pay to Harry Schmitt, the plaintiff in the above entitled cause the sum of $1,650.00 counsel's fees for professional services rendered to the plaintiff by E. S. Ward, Esq., in the matter of the appropriation of a certain tract of ground ......said appropriation being subsequently abandoned by said city."

Whether the city in any event is liable to the plaintiff for money expended by him for services for counsel, is a matter aside from our present inquiry, and as to which we make no expression of opinion. When that question comes properly before us we will meet it. What here concerns us is to inquire by what authority the court below took cognizance of the plaintiff's petition, and attempted an adjudication of the question raised by such a proceeding as was here instituted. It is to be observed that it was a proceeding collateral to a pending proceeding in which, if pursued to a conclusion, this and all other questions of damages and costs would have been regularly and properly adjudicated. The significant fact is that the original action is still pending and undisposed of to this day, so far as the record shows, while we have here a final adjudication by the court, by way of anticipation, of an element in the plaintiff's claim which by every rule of practice can be determined

only as final judgment is reached. Costs are incident
to judgment, and here there is no judgment. We are
pointed to no precedent for such a practice, and we know
of none. Furthermore, we know of no law which invests
a court with any such authority as was here attempted
to be exercised. The argument in support of the pro-
ceeding shows a clear misapprehension of the cases
which are cited as sustaining it. These are, Moravian
Seminary v. Bethlehem Borough, 153 Pa. 583; Huck-
estein v. Allegheny, 165 Pa. 367, and Sensenig v. Lan-
caster County, 30 Superior Ct. 224. In the first of these
the distinguishing feature will appear from the following
recital of facts; a verdict had there been reached upon
which a judgment, which because it had been premature-
ly entered was a nullity; a motion for a new trial was
pending at the time judgment was entered; following
this motion came a rule, issued on the application of
the defendant, to show cause why a discontinuance
should not be allowed; to this rule plaintiff made answer
that under the circumstances the court was powerless,
judgment having been entered, to authorize the discon-
tinuance, and further, that heavy expenses had been
incurred by plaintiff which should be paid by defendant
before he should be permitted to discontinue. The mat-
ter was referred to a master who reported that the
taxable costs were $745.00, and that plaintiff had in-
curred other necessary expenses, viz, surveyor's fees,
printing bills, and counsel fees, amounting to $2,242.75,
but, that because in the master's opinion, these latter
created no legal liability on part of defendant, he
recommended a discontinuance upon payment by the
defendant of the $745.00 taxable costs. The master's
report was approved and discontinuance was allowed.
On appeal this court reversed the decree authorizing a
discontinuance, and directed that discontinuance be
allowed only on certain conditions, inter alia, that de-
fendant pay not only the taxable cost found by the
master, but the additional sum found by him as neces-

sary expenses incurred. The distinguishing feature
here is, that in the case referred to the proceeding was
based on a motion to discontinue an action pending, a
motion properly addressed to the court, and over which
the court had jurisdiction. Such a motion always
brings into play the equitable power of the court; it
may grant or refuse the motion, or, if granted, it may
be on such terms and conditions as to the court seem
just and equitable as between the parties. The party
on whom the terms are imposed is not required to ac-
cept them; he may decline, in which case the action
proceeds, and, as in the case of Sensenig v. Lancaster
.County, supra, the defendant, if a municipality, may
show on the trial a repeal of the ordinance making the
appropriation, thus reducing the plaintiff's claim to a
mere matter of costs. Whether in such case there
can be a recovery of counsel fees is not a question falling
within the present inquiry. A like distinction is to be
observed in the case of Huckestein v. Allegheny, supra.
There the city by its condemnation proceeding had at-
tempted to do what this court afterwards declared was
an impossible thing. Notwithstanding, plaintiff re-
covered a verdict in a large sum. From the judgment
entered the city appealed. The judgment was reversed,
and the court below was directed to "fix an allowance
for counsel fees for the plaintiff, and tax the costs,"
no venire to be awarded in case of payment, otherwise
a venire to issue. Here again the exercise of equitable
power fixing conditions of a venire which appellant
might accept or reject according to his own pleasure.
It was not a judgment assessing the plaintiff with costs
of any kind. Not one of these cases is authority for
the position taken here by appellee, that while an action
for damages is pending, the court may in a collateral
proceeding determine what costs a plaintiff may recover.
They all recognize the right of the court to attach con-
ditions where it extends equitable relief, even to the pay-
ment of counsel fees where equity demands it; but they

go no further.   Except as the city here had moved for a discontinuance of the proceeding, there was nothing in the case warranting the action taken.   It results that the decree entered must be reversed and the particular proceeding on which the decree is based set aside and vacated.   It is accordingly so ordered.