Finkelstein et ux., Appellants, *v.* McClain.

Argued March 29, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edward O. Spotts, Jr.,* for appellants.

*Samuel W. Pringle,* of *Dalzell, McFall & Pringle,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 17, 1938:

This is an action in trespass to recover for personal injuries and property damage arising out of a collision of automobiles. On the evening of April 7, 1935, about 10:15 o'clock, the plaintiffs, husband and wife, were driving in an automobile owned by the wife-plaintiff, south on Miltenberger Street toward its intersection with the Boulevard of the Allies, in the City of Pittsburgh. The husband was driving the car, while his wife was riding in the rear seat. The Boulevard is forty feet wide, with four traffic lanes, two for east-bound and two for west-bound traffic.

As the car reached the Boulevard the husband-plaintiff brought it to a stop, then proceeded slowly to cross the two west-bound traffic lanes, and turned left into the third one used exclusively for east-bound traffic. Immediately thereafter the automobile in which plaintiffs were riding was struck in the rear by a Chevrolet coupe operated by the defendant.

The plaintiffs testified that after making the left turn into the Boulevard, they had proceeded east some one hundred and fifty feet before the collision occurred, but this is denied by the defendant who asserts that the cars collided not more than twelve feet beyond the easterly side of Miltenberger Street, while the plaintiffs still were engaged in executing the left turn into the Boulevard. Defendant testified that prior to the accident he was driving eastwardly along the Boulevard at a speed between thirty and thirty-five miles an hour in the rear of a truck in the third traffic lane. He contends that plaintiffs drove directly into the path of his automobile when he was not more than fifteen feet distant, so that he was unable to avoid striking them.

Following the accident defendant pulled his car to the left and parked in Miltenberger Street. Plaintiffs'

automobile continued on the Boulevard some forty or fifty feet and then came to a stop. While in this position another eastbound car approached, and, according to the evidence, the driver thereof failed to reduce its speed in time to avoid colliding with the rear of plaintiffs' car, and from the force of the second collision, while the wife-plaintiff was still in the rear seat, plaintiffs' car was pushed forward approximately ten feet further down the Boulevard.

The wife-plaintiff claims that the collision with defendant's car caused her to be thrown against the front seat of her automobile. She alleges that she received severe internal injuries which have impaired her health.

The case was submitted to the jury upon the question whether there was any negligence proved on the part of defendant, and whether the plaintiffs were contributorily negligent; the opposing versions of the accident were set forth in the charge, and the trial judge instructed the jury that if they believed the testimony of the plaintiffs, a verdict should be rendered in their favor. The jury returned a verdict for the defendant, and both plaintiffs have appealed from the order of the court below refusing their motions for a new trial.

In our opinion it was for the jury alone to determine the issue of fact whether the husband-plaintiff made the left turn from the side street into the Boulevard without due regard for the traffic already moving upon that highway, or, on the contrary, whether he carefully completed the turn and had proceeded along the Boulevard some one hundred and fifty feet when he was violently crashed into from the rear as the result of the negligent operation of defendant's car. There is sufficient evidence in the record to sustain the finding that the accident was caused by the concurrent negligence of the husband-plaintiff and defendant. Therefore the jury was justified in reaching the conclusion that, regardless of defendant's negligence, the husband was not entitled to recover because of his contributory negligence.

We are convinced that the court below correctly disposed of the husband's motion for a new trial.

Turning to the case of the wife-plaintiff, it is urged on her behalf that basic and fundamental error was committed by the trial judge in failing to instruct the jury that she was not chargeable with the negligence of her husband, as she had no control or share in the operation of the automobile, and, further, that no specific instructions were given to the jury as to her rights and duties as a guest passenger.

From the evidence it clearly appears that the wife was a guest passenger, riding in the rear seat of the automobile. Hence the negligence of the husband cannot be imputed to her: *Rodgers v. Saxton,* 305 Pa. 479; *Cormican v. Menke,* 306 Pa. 156; *Janeway v. Lafferty Bros.,* 323 Pa. 324; *Watkins v. Overland Motor Frt. Co.,* 325 Pa. 312

It is the duty of the court, in cases of this character, to instruct the jury that if there was negligence on the part of the defendant, and they so find, they still may render a verdict for the wife-plaintiff notwithstanding her husband was at fault in the operation of his automobile.

Here it should have been requested on behalf of the wife-plaintiff that specific instructions be given to the jury concerning the non-imputability of the husband's contributory negligence; or an exception should have been taken to the court's refusal or failure so to charge, but such neglect will not preclude the question of the adequacy of the charge being raised upon appeal. The failure of the trial judge properly to instruct the jury with respect to the rights of the wife-plaintiff as a guest passenger was basic and fundamental error that went to the heart of her case, and may be taken advantage of upon a general exception. In *Patterson v. Pittsburgh Rys. Co.,* 322 Pa. 125, it was said recently by this Court (p. 128) : "It is true defendant took only a general exception to the charge, but where, as here, the case calls

loudly for such instructions, the failure to give them must be regarded as basic and fundamental error. Inadequacy of a charge may be taken advantage of on general exception where the instructions omitted are vital to a proper conception by the jury of the fundamental principles of law involved *(DiPietro v. Great Atlantic & Pacific Tea Co.,* 315 Pa. 209). . . . Indeed, even in the absence of a general exception, the appellate court of its own motion may reverse because of basic and fundamental error: *Schmitt v. City of Phila.,* 248 Pa. 124; *Marlowe v. Travelers Insurance Co.,* 313 Pa. 430." See also *Steele v. Armstrong Co. Mutual Fire Ins. Co.,* 305 Pa. 259; *Medvidovich v. Schultz,* 309 Pa. 450; *Ellsworth v. Lauth,* 311 Pa. 286.

The judgment in No. 133 March Term, 1938 (the husband-plaintiff) is affirmed. The judgment in No. 134 March Term, 1938 (the wife-plaintiff) is hereby reversed and a venire facias de novo awarded.