# Piacquadio, Trustee, Appellant, *v.* Beaver Valley Service Co. et al.

Argued October 3, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*S. C. Pugliese,* with him *S. V. Albo,* for appellant.

*D. H. McConnell,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1946:

Did the court below err in discharging a rule to show cause why the statement of claim in an action for damages under the "Death" Acts of April 15, 1851, P.L. 669,

sec. 19, and April 26, 1855, P.L. 309, should not be amended to include an action for damages under the "Survival" Act of July 2, 1937, P.L. 2755, more than two years after the injuries causing death? That is the sole question on this appeal.

On February 18, 1941, Angelo Piacquadio, father of Angelo A. Piacquadio, Jr., instituted this action in trespass, averring that the decedent, a minor, died on August 16, 1940, from injuries sustained on August 14, 1940, as a result of negligence of defendants. Damages were claimed in the amount of $5000, representing "the earnings of said minor until he becomes of age" and "the funeral and medical expenses which he [plaintiff] paid." The statement of claim further averred that decedent being a minor, plaintiff was entitled to bring the action under Pa. R.C.P. 2202, that the only parties entitled by law to recover damages were himself and wife, and that the action was brought on their behalf by plaintiff as trustee ad litem.

On June 1, 1945, plaintiff obtained a rule to show cause why the original statement of claim should not be amended "by adding to the first paragraph the words, 'and is also the duly qualified administrator of the estate of Angelo A. Piacquadio, Jr.'; by deleting from the fifth paragraph the words, 'until he becomes of age'; by adding to the seventh paragraph the words, 'as well as for himself in the capacity of administrator of the estate of Angelo A. Piacquadio, Jr., in which capacity he claims damages for the lost earnings of the decedent during the balance of his life, as well as for pain and suffering'; and by amending paragraph eight to read, 'by reason of the premises, the plaintiff claims from the defendants for himself and wife the sum of Five Thousand Dollars ($5000), and for the estate of the decedent the sum of Twenty Thousand Dollars ($20,000), to recover which this suit is brought." The rule to show cause was subsequently discharged by the court below and this appeal followed.

Although they arise out of a common factual background, the death action under the Acts of 1851 and 1855, is a separate and distinct cause of action from the cause of action for the decedent's injuries which survives his death under the Act of 1937. "The one represents a cause of action unknown to the common law and is for the benefit of certain enumerated relatives of the person killed by another's negligence; the damages recoverable are measured by the pecuniary loss occasioned to *them* through deprivation of the part of the earnings of the deceased which they would have received from him had he lived. The other is not a new cause of action at all, but merely continues in his personal representatives the right of action which accrued to the deceased at common law because of the tort; the damages recoverable are measured by the pecuniary loss occasioned to *him,* and therefore to *his estate,* by the negligent act which caused his death": *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 647, 26 A. 2d 659. Different statutes of limitation apply to the two causes of action. The one-year limitation of the Wrongful Death Act is not applicable to a suit brought pursuant to the Survival Act. "Since a suit by a personal representative under the Act of 1937 is identical to that which decedent might have commenced and prosecuted during his lifetime and, therefore, governed by the same measure of damages, it is but logical to conclude, the legislature, not having provided to the contrary, that the same limitation as to time when suit must be instituted governs, whether the action be brought by the injured person during his lifetime, or by his personal representative under the Act of 1937 after his death; that is, as set forth in the Acts of 1713 and 1895, supra, 'within two years from the time when the injury was done.' ": *Stegner v. Fenton,* 351 Pa. 292, 296, 40 A. 2d 473.

Under sub-division (e) of Pa. R.C.P. 213, adopted upon the recommendation of this Court in *Pezzulli v. D'Ambrosia,* supra, the two causes of action may be

joined in one action or started separately and then consolidated for purposes of trial. If only one of the actions is brought, sub-division (e) (3) provides that the court in which the one action is pending, on its own motion or the motion of any party, may stay the original action until a second action is commenced to enforce the other cause of action and is consolidated for trial with the first action or until the commencement of a second action on the other cause of action is barred by the applicable statute of limitation. Here the applicable two-year limitation period had elapsed at the time of the application to amend the death action to include a survival action, and the rule to show cause why such amendment should not be allowed was, therefore, properly discharged.

The case of *Rowles v. Evanuik*, 350 Pa. 64, 38 A. 2d 255, cited by appellant, is easily distinguishable. There, in a death action instituted by the widow as trustee ad litem, the personal representative was permitted to become a party to the action and claim his right to recover funeral, nursing, doctor and hospital expenses through the trustee ad litem on the authority of *Usner v. Duersmith*, 346 Pa. 494, 31 A. 2d 149. No claim was made by the personal representative in that case for pain and suffering or loss of earnings by the decedent, under the Survival Act of 1937, supra.

Order affirmed at appellant's cost.