**STAFFORD et ux. v. ROADWAY TRANSIT CO. (BARRINGER, Third-Party Defendant).**

**BARRINGER v. ROADWAY TRANSIT CO.**
Nos. 9522–9525.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 6, 1948.

Decided Jan. 29, 1948.

Rehearing Denied Feb. 24, 1948.

Frank B. Quinn, of Erie, Pa. (English, Quinn, Leemhuis & Plate, of Erie, on the brief), for appellant.

Maurice • J. Coughlin, of Erie, Pa. (Thomas B. 'O'Connor, of Erie, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN, and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

These four appeals, which were argued together, were taken by the defendant from judgments entered against it in two actions for damages for personal injuries and death resulting from a collision which took place on June 21, 1942 at about 4:15 A.M., in Erie County, Pennsylvania, between an automobile in which the plaintiffs, citizens of Pennsylvania, were riding and a truck of the defendant, a Michigan corporation. The facts are fully set forth in the exhaustive opinion filed by the trial judge, 70 F. Supp. 555, and need not be detailed here. It is sufficient at this point to say that of the four occupants of the automobile William Charles Barringer, who was driving it, was injured, his wife, Mary Anne Barringer, who was seated beside him, was instantly killed, and the owner of the car, Barthol Stafford, and his wife, Margaret Stafford, both of whom were in the back seat, were injured.

As we have said, two actions were brought in the district court against Roadway Transit Company, the owner of the truck involved in the accident. One was brought by Stafford and Mrs. Stafford, and the other by Barringer, both in his own right and as trustee ad litem for the heirs of Mrs. Barringer. The trial judge, sitting without a jury, after making findings of fact and conclusions of law, decided that Stafford was entitled to recover $1,269 for his personal injuries and the expenses sustained by him with respect thereto and $1,691 for the damages incurred by him as a result of Mrs. Stafford's injuries, that Mrs. Stafford was entitled to recover $4,031, and that Barringer by reason of his contributory negligence was not entitled to recover anything either in his own right or under the Pennsylvania Wrongful Death Act as trustee ad litem for the heirs of Mrs. Barringer. He also held that the statute of limitations barred the latter claim. Motions for a new trial and for judgment notwithstanding the verdict were made by the defendant and were refused by the district court, 73 F.Supp. 458, and judgment was entered accordingly.

The defendant, Roadway Transit Company, appealed from the judgments in favor of Stafford (our nos. 9522 and 9523) and Mrs. Stafford (our no. 9524). On these appeals the defendant urges that the competent evidence did not establish that

it was guilty of negligence, that in any event Barringer's negligence was so gross, extraordinary and unusual as to constitute a superseding cause of harm so that the accident would have happened even though the defendant had not been guilty of negligence, and (in nos. 9522 and 9523) that Barringer's negligence was imputable to Stafford as owner of the automobile and an occupant of it at the time of the accident. We deem it sufficient with respect to the first two of these contentions to say that we have carefully considered them in the light of the evidence and are satisfied that they were correctly decided by the district court against the defendant. We need add nothing to the discussion of these questions contained in the opinion of the trial judge.

We are equally satisfied that the court correctly decided that Barringer's contributory negligence was not imputable to Stafford. It is the rule in Pennsylvania that the negligence of the driver of a vehicle can be imputed to a passenger therein only when the evidence justifies a finding of the passenger's right to a share in the control of that vehicle at the time of the negligence. This is the test of such imputability whether the driver and the passenger were engaged at the time in a joint enterprise or not. Rodgers v. Saxton, 1931, 305 Pa. 479, 158 A. 166, 80 A.L.R. 280. The rule is applicable even though the passenger is the owner of the vehicle, if the driver, although operating it with his permission, is not acting as his agent or servant. Rodgers v. Saxton, supra; Watkins v. Overland Motor Freight Co., 325 Pa. 312, 188 A. 848; Speier v. Ayling, 1946, 158 Pa. Super. 404, 45 A.2d 385.

The evidence shows that when the plaintiffs left Buffalo for Erie in the early hours of the morning Stafford turned the operation of the automobile over to Barringer, who as a regular night worker was accustomed to keeping awake during the night. Stafford and the other two members of the party then went to sleep and were asleep when the accident happened. While Stafford and Barringer were engaged in a joint enterprise, a common outing for pleasure, there was ample support for the trial judge's finding that Stafford had turned the entire control of the car over to Barringer as his permissive driver and had no right to share in the control of the car at the time of the accident. Indeed, being asleep, it would have been impossible for him to exercise such control. Nor do we think, as the defendant contends, that the trial judge erred in failing to hold that Stafford was guilty of negligence as owner of the automobile because it had defective headlights. Our examination of the evidence compels the conclusion that the trial judge's finding of fact that the headlights illuminated the road ahead for only 200 feet was not supported by substantial evidence.

As has been stated, the district court denied Barringer recovery under the Pennsylvania Wrongful Death Act as trustee ad litem for the heirs of Mrs. Barringer. Eight months after the trial, but before the decision was rendered, the district court upon petition of Barringer permitted him to amend his complaint so as to include a claim by him as administrator of Mrs. Barringer's estate and the trial judge in his decision determined that Barringer in that capacity was entitled to recover $3,000 under the Pennsylvania Survival Statute. Judgment having been entered thereon the fourth appeal (our no. 9525) was taken by the defendant. We proceed then to the consideration of the questions raised by that appeal.

The original complaint filed by Barringer contained the following relevant averments, omitting those describing the details of the accident and the defendant's negligence:

"William Charles Barringer, Trustee, Ad Litem, for the heirs of Mary Anne Barringer, his wife, plaintiffs, claim of Roadway Transit Company, a Michigan Corporation, the defendant above named, the sum of Thirty Thousand ($30,000.00) Dollars; * * * whereof the following are statements:

\* \* \* \* \* \*

"16. By reason of the aforesaid collision the said Mary Anne Barringer received injuries which resulted in her immediate death.

\* \* \* \* \* \*

"Wherefore these suits are brought to recover the damages hereinbefore mentioned."

█ It will be seen that the complaint did not contain any statement of Barringer's claim under the Wrongful Death Act[1] other than the bare claim of $30,000 contained in the opening paragraph and the averment of the fact of Mrs. Barringer's death. No specification of the nature of the damages claimed by Mrs. Barringer's heirs under the act was included. The claim by Barringer as "Trustee, Ad Litem, for the heirs of Mary Anne Barringer" was, however, obviously intended to be made in conformity with Pennsylvania Civil Procedure Rule 2202(b)[2] which expressly authorizes an action for wrongful death to be brought, after the expiration of six months from the death of the decedent, "by any person entitled by law to recover damages in such action as trustee ad litem on behalf of all persons entitled to share in the damages." In view of our ultimate conclusion we do not need to decide whether this rule is properly applicable in the federal courts. It is sufficient to note that both the parties and the trial judge regarded the complaint as making a claim under the Wrongful Death Act. This claim the trial judge properly held to be barred by the one year statute of limitations applicable to wrongful death actions, the suit having been begun only one day less than two years after Mrs. Barringer's death.

█ The amendment which the court allowed on November 27, 1946 changed the portion of the opening paragraph of the complaint which we have already quoted so that it then read as follows:

"William Charles Barringer, Trustee ad litem for the heirs of Mary Ann Barringer, his wife, for the use of William Charles Barringer, Administrator of the Estate of Mary Ann Barringer, Plaintiff, Claim of Roadway Transit Company, a Michigan Corporation, the Defendant named above, the sum of Thirty Thousand ($30,000.00) Dollars; * * * whereof the following are statements:"

It appeared from a certificate of the Register of Wills of Erie County, Pennsylvania, attached to the petition for amendment, that Barringer had been appointed administrator of the estate of Mrs. Barringer on October 23, 1946. The defendant objected to the allowance of the amendment and the court granted it an exception thereto. We think that the objection should have been sustained and that the court erred in permitting recovery by Barringer, as administrator, under the Survival Statute.

It will be observed that the complaint was not amended so as to describe the decedent's cause of action which Barringer, as her administrator, sought to enforce under the Survival Statute[3] or to set out the basis for the damages claimed, whether for pain and suffering or loss of earning power, or both.[4] All that was done was to add Barringer as a use plaintiff in his newly acquired capacity as administrator of Mrs. Barringer's estate. But this was hardly sufficient to bring into the complaint the cause of action which had accrued to Mrs. Barringer because of the defendant's negligence and which survived to her administrator under the Survival Act. For that cause of action was wholly separate and distinct from the cause of action under the Wrongful Death Act which Barringer as trustee ad litem, had originally sought to enforce by the complaint. Pezzulli v. D'Ambrosia, 1942, 344 Pa. 643, 26 A.2d 659. It might, therefore, well be held that the amendment was so defectively drawn as to be ineffective to accomplish its object.

It must, however, be remembered that the amendment was sought and allowed after the trial was over and, therefore, after the plaintiff's proofs were in. The defendant accordingly was aware of the fact that Mrs. Barringer had been instantly killed while asleep and, therefore, could not have

---

[1] 12 P.S.Pa. §§ 1601–1603.
[2] 12 P.S.Pa.Appendix.
[3] 20 P.S.Pa. § 772.

[4] These are the elements of permissible recovery in such an action in Pennsylvania. Pezzulli v. D'Ambrosia, 1942, 344 Pa. 643, 26 A.2d 659.

**924**

had a claim for pain and suffering. It was also aware of the fact that she was 31 years of age, was employed as a nurse earning $540 per year, and that because of her death she had lost the possibility of similar earnings for the remainder of her normal life expectancy, and, therefore, had a claim to damages from the defendant on that ground if its negligence had caused her death. The defendant, therefore, was probably not harmed by the cryptic character of the amendment, at least so far as notice of the claim sought to be enforced against it was concerned, the amendment being apparently designed merely to make the pleadings conform to the proofs. Accordingly we do not base our conclusion upon the ground that the amendment was defective as a pleading. Rather we conclude that the allowance of the amendment was error because it introduced into the complaint a new cause of action which was at the time barred by the statute of limitations.

The statute of limitations which is applicable in Pennsylvania to a suit for personal injuries brought under the Survival Act by an administrator upon his decedent's cause of action is two years. Stegner v. Fenton, 1945, 351 Pa. 292, 40 A.2d 473. Here the amendment which sought to introduce that cause of action into the complaint was not allowed until November 27, 1946, more than four years and five months after the cause of action arose. Moreover the cause of action could not have been asserted by Barringer as administrator prior to October 23, 1946 since it was not until that day that he was appointed administrator. The cause of action was, therefore, barred by the statute of limitations and it was error to permit it to be added to the complaint, Piacquadio v. Beaver Valley Service Co., 1946, 355 Pa. 183, 49 A.2d 406, and consequently error to permit recovery upon it.

The judgments appealed from in nos. 9522, 9523 and 9524 will be affirmed. The judgment appealed from in no. 9525 and the order of November 27, 1946 amending the complaint in that case will be reversed.