Cobb *v.* Chubeck, Appellant.

Argued March 15, 1960. Before JONES, C. J., MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Russell J. Butler, Jr.,* with him *Weis & Weis,* for appellant.

*Gilbert E. Morcroft,* for appellee.

OPINION BY MR. JUSTICE BOK, April 18, 1960:

California Avenue, in Pittsburgh, runs east and west, and the additional defendant's decedent was driving eastward on it. Plaintiff was a passenger in this

car, and its driver wanted to make a left turn into Perrott Avenue, which enters California from the north and ends there. Defendant was driving westward on California. The collision occurred while the decedent was making his turn.

Because of the Dead Man's Act (May 23, 1887, P.L. 158, 28 PS §322), the jury was instructed to limit the testimony of plaintiff and defendant to themselves and not to apply it to the decedent driver. The latter's negligence therefore depended on the testimony of two passengers in defendant's car, and defendant's negligence depended on plaintiff's testimony and to a degree upon his own.

The jury gave its verdict to the defendant and the additional defendant, but the court below set it aside by granting a new trial. Defendant alone appealed.

The basic law is in Art. X, §1013(b) of The Vehicle Code, Act of May 1, 1929, P.L. 905, as amended, 75 PS §572(b), which reads: "The driver of a vehicle . . . approaching but not having entered an intersection, shall yield the right of way to a vehicle within such intersection or turning therein to the left across the line of travel of such first mentioned vehicle, provided the driver of the vehicle turning left has given a plainly visible signal of intention to turn as required in this act."

Art. X, §1012 of the same Act (75 PS §571(a)) reads: "The driver of any vehicle upon a highway, before starting, stopping or turning from a direct line, shall first see that such movement can be made in safety, . . . and whenever the operation of any other vehicle approaching or following may be affected by such movement, shall give a signal, as required in this section, plainly visible to the driver of such other vehicle of the intention to make such movement."

These provisions have been interpreted in *Virden v. Hosler*, 387 Pa. 1 (1956), 127 A. 2d 110, where we

held that whether the turning driver is justified in proceeding depends on the circumstances of each case but that he need not wait until all approaching traffic comes within range of visible signals.

The testimony for the defendant was that when he was a hundred feet from the intersection he saw decedent's car; that he was going 30 to 35 miles per hour; that he saw no signal; that decedent slowed down and crept and hesitated but appeared to be about to stop and wait for defendant to pass; and that he was mistaken in this because when the other car was only twenty-five feet away it turned in front of defendant, who braked but collided.

Plaintiff's testimony was that the day was light, dry, and clear; that decedent put out his left hand to signal the turn; that his car slowed down and began its turn at the intersection when defendant's car was 125 feet away and coming at 40 to 45 miles per hour which increased as it approached; and that defendant's left front corner hit decedent's right front corner.

Under this pattern of evidence it is incredible that neither driver should be held negligent. It is not the kind of scenario, like skidding on oil or ice, that is sheer accident. One cutting across the bow of another who holds his course cannot collide with him unless one or both are somehow careless: if either stops in time, no accident can happen.

Furthermore, the trial judge failed to charge the jury about imputing the decedent's negligence, if any, to the plaintiff. Such failure was held to be basic error in *Finkelstein v. McClain,* 331 Pa. 198 (1938), 200 A. 596, where we said: "The failure of the trial judge properly to instruct the jury with respect to the rights of the wife-plaintiff as a guest passenger was basic and fundamental error that went to the heart of her case, and may be taken advantage of upon a general exception . . . even in the absence of a general excep-

tion, the appellate court of its own motion may reverse because of basic and fundamental error."

The jury's finding in favor of the additional defendant does not necesarily mean that it absolved the decedent of negligence. It may have believed that he was guilty of it and that it infected plaintiff, who should therefore not recover. Without guidance on this vital point, the jury may well have gone astray.

The court en banc assigned this as a reason for its action in granting new process, and it also declared that because some negligence was inevitable, the verdict was against the weight of the evidence. In such position of affiairs appellant has a very heavy burden, which in the instant case we regard as insuperable, in attacking the court's order: *Jess v. McMurray*, 394 Pa. 526 (1959), 147 A. 2d 420; *Bellettiere v. Philadelphia*, 367 Pa. 638 (1951), 81 A. 2d 857; *Seidel v. Yeadon Borough*, 191 Pa. Superior Ct. 45 (1959), 155 A. 2d 370.

The order is affirmed.