560 A.2d 220

**Kathryn ELLIS and Richard Heckman, Wife and Husband and as Parents and Natural Guardians of Jessica Heckman, a minor, Appellants,**

**v.**

**Jeffrey L. GRAVES.**

Superior Court of Pennsylvania.

Argued Jan. 31, 1989.

Filed June 14, 1989.

Richard C. Angino, Harrisburg, for appellants.

Harvey Freedenberg, Harrisburg, for appellee.

Before WIEAND, POPOVICH and HESTER, JJ.

HESTER, Judge:

Kathryn Ellis and Richard Heckman, wife and husband and the parents and natural guardians of Jessica Heckman, appeal from the judgment entered in the Court of Common Pleas of Cumberland County on July 25, 1988, following the denial of their post-trial motions. Appellants assert that the jury's verdict in this negligence action was contrary to the weight of the evidence and that the trial court improperly refused a requested instruction regarding imputed negligence.[1] For the reasons set forth below, we find that the second assertion is meritorous. Accordingly, we reverse and remand for a new trial.

At 9:15 p.m. on July 19, 1986, Richard Heckman, accompanied by his wife and minor daughter, turned his automobile into the intersection of the Carlisle Pike and Bernheisel Bridge Road in Silver Spring Township, where it collided with a motor vehicle driven by Jeffrey L. Graves. One year later, appellants initiated the present action. On February 15, 1988, the case went to trial. The following day the jury returned a defense verdict. Subsequently, appellants, who challenged among other things, the evidence supporting the jury's verdict and the court's denial of several of their points for charge, moved for a new trial. On July 25, 1988, after the court denied the requested relief, judgment was entered. This timely appeal followed.

[1]. Appellants also contend that the trial court erroneously refused a requested jury instruction regarding the question of contributory negligence. However, since our review of their brief reveals that this contention was not raised in the statement of questions involved, the issue is not preserved for our review. *See* Pa.R.A.P. 2116(a).

The first witness to testify at trial was Corporal Gerald Steigelman of the Spring Township Police Department. Corporal Steigelman, who investigated the accident, testified as follows. The Carlisle Pike consists of two lanes for northbound traffic, two lanes for southbound traffic, and a left-turn lane in the center. Its intersection with Bernheisel Bridge Road is controlled by a traffic light and is not illuminated by streetlights. Finally, on that dark evening, there were no adverse weather conditions that affected the roadway in that area, which is both level and straight.

The next witnesses to testify were Jeffrey Graves and Richard Heckman. Their testimony was summarized adequately in the trial court's opinion.

The defendant [Mr. Graves] testified that he waited at the subject intersection for approximately five seconds before executing his left turn. While waiting, there was a van directly in front of and facing him executing a left turn from the center turn lane of the roadway. While there was initially some confusion about the lane from which the defendant turned, he testified at trial that he did so from the appropriate center lane. The defendant also testified that, before turning, he waited for a car travelling southbound to clear the intersection. Both the van and the car, observed by the defendant, had their headlights on. When the defendant executed his turn, he did not see the Heckman vehicle but, being nearly successful in completing his turn, was hit in the rear by it. Mr. Heckman, likewise, testified that he never saw Mr. Graves' vehicle though ... he testified that his headlights were on. Mr. Heckman went on to relate that, following the collision, while his car was on the side of the roadway, he changed the position of the light switch so that only the parking lights were on. The defendant, Mr. Graves, testified that the day following the accident he want to the location where the Heckman vehicle had been towed and observed the light switch to be in the parking light position.

Trial court opinion, at 3–4. Based on this conflicting evidence, the jury rendered a verdit for the defense.

Appellants assert that the trial court erred in failing to instruct the jury that the contributory negligence of Mr. Heckman could not be imputed to either his wife or daughter. We agree. In *Finkelstein v. McClain*, 331 Pa. 198, 200 A. 596 (1938), the supreme court considered a similar contention and stated:

From the evidence it clearly appears that the wife was a guest passenger, riding in the rear seat of the automobile. Hence the negligence of the husband cannot be imputed to her: *Rodgers v. Saxton*, 305 Pa. 479 [158 A. 166]; *Cormican v. Menke*, 306 Pa. 156 [159 A. 36]; *Janeway v. Lafferty Bros.*, 323 Pa. 324 [185 A. 827]; *Watkins v. Overland Motor Frt. Co.*, 325 Pa. 312 [188 A. 848].

*It is the duty of the court, in cases of this character, to instruct the jury that if there was negligence on the part of the defendant, and they so find, they still may render a verdict for the wife-plaintiff notwithstanding her husband was at fault in the operation of his automobile.*

Here it should have been requested on behalf of the wife-plaintiff that specific instructions be given to the jury concerning the non-imputability of the husband's contributory negligence; or an exception should have been taken to the court's refusal or failure so to charge, but such neglect will not preclude the question of the adequacy of the charge being raised upon appeal. The failure of the trial judge properly to instruct the jury with respect to the rights of the wife-plaintiff as a guest passenger was basic and fundamental error that went to the heart of her case. . . .

*Id.*, 331 Pa. 201–02, 200 A. at 597–98 (emphasis added); *see also Cobb v. Chubeck*, 399 Pa. 201, 160 A.2d 207 (1960); *Lind v. Thomas*, 265 Pa.Super. 121, 401 A.2d 830 (1979).

During its jury instructions, the trial court charged only on general negligence principles. Appellants requested the specific charge on not imputing negligence, and the charge was denied. The supreme court's decision in *Finkelstein* requires the jury to be charged on this concept. There is no

doubt that this may have affected the jury's verdict. The jury may not have understood that the defendant could be found negligent with respect to the wife and daughter plaintiffs even though the husband-plaintiff could not recover due to his own contributory negligence. As the *Finkelstein* court noted, this went to the "very heart" of the guest passengers' cases. Where an erroneous instruction may have contributed to the verdict, a new trial is required. *Spearing v. Starcher*, 367 Pa.Super. 22, 532 A.2d 36 (1987).

It is clear that this charge failed to inform the jury that Mrs. Heckman and her daughter could recover, notwithstanding the negligence of Mr. Heckman, if it found Mr. Graves to be negligent in operating his vehicle. Consequently, we find that the court's failure to charge specifically on the issue of imputed negligence was error that may have contributed to the verdict against the wife and daughter.

Judgment reversed and case remanded for a new trial consistent with this opinion. Jurisdiction relinquished.