# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### CARR v. KANSAS CITY et al.

#### (Circuit Court, W. D. Missouri, W. D. May 16, 1898.)

REMOVAL OF CAUSES—JOINT CAUSE OF ACTION—RIGHT OF NONRESIDENT DE-
FENDANT.

> Kansas City, Mo., Charter, art. 17, § 11, provides that whenever the city shall be sued for liability growing out of the wrongful act, negligence, etc., of any person or corporation, and such person or corporation is also liable to the same action, the plaintiff may, on motion, be compelled to make such person or corporation a joint defendant. *Held* that, where the city and a corporation are jointly sued for personal injuries resulting to plaintiff by reason of the wrongful failure of both the city and such corporation to do an act incumbent on each of them, such corporation is not entitled, by reason of its nonresidence, to a removal of the cause on the ground of a separable controversy.

This action was brought by Anna E. Carr against Kansas City, Mo., the Barber Asphalt Paving Company, and others, to recover for personal injuries resulting from a fall on a sidewalk. The Barber Asphalt Paving Company removed the cause into the federal court, and it is now heard on motion to remand.

L. A. Laughlin, for plaintiff.

Lathrop, Morrow, Fox & Moore, for defendant Barber Asphalt Paving Co.

PHILIPS, District Judge. The question in this case is whether or not the action against the Barber Asphalt Paving Company presents a controversy between it and the plaintiff wholly separable from that of the other defendants. The plaintiff's cause of action is based upon the negligent condition in which the step in question was left, so elevated above the ground, in an insecure position, that, when the plaintiff stepped upon it, it gave way, whereby she was precipitated to the ground, and injured. The cause of action against the city springs from its duty to the public to keep its sidewalks in a reasonably safe condition. Its liability in this case is alleged to have been its failure to repair this imperfect sidewalk after it had knowledge

87 F.—1

of the defect, or after it could have discovered its condition by the exercise of due care. This omission of duty on the part of the city may be called "nonfeasance"; that is, an omission to do that which it should have done.

The liability of the Barber Asphalt Company arises, if at all, from its failure, after completing the work of paving, to shore up or properly repair the step of the sidewalk, which is alleged to have been left in such an insecure condition that, when stepped upon, the end tipped over, whereby the plaintiff was thrown down. No fault is imputed to the asphalt company as to the manner of constructing the pavement. Presumably, the grade of the street had been established by the city, and the pavement was put upon the grade as thus established. Therefore it becomes apparent that the liability of the paving company arises, if at all, just as against the city, from an act of nonfeasance; that is, in not repairing the sidewalk and restoring the status that existed at the time it began the work of paving. Thus, it also appears that the liability of the defendant city and the paving company springs from a like wrongful act in neglecting to repair the sidewalk after the improvement was made. The neglect in both cases is one of nonfeasance, that is, an omission to perform a duty, or a neglect of duty, as contradistinguished from an act of misfeasance, which is not doing a lawful act in a proper manner, or omitting to do it as it should be done, or from an act of malfeasance, which is the doing of an act wholly wrongful in itself.

It is somewhat difficult to exactly understand what is the predicate of the cause of action against J. Lindley Coates, Arthur C. Coates, and Laura C. Reed. As to them, the petition charges that the steps in question were originally constructed either by them or their ancestor; and, if constructed by the ancestor, exactly how a liability is claimed to devolve upon the defendants is not apparent, unless it can be assumed by the court that the steps were in the nature of sour grapes, and the childrens' teeth were set on edge by reason of the ancestor's having eaten the grapes. The petition further alleges that the sidewalk was placed in an elevated position above the street by said defendants or their ancestor, for the purpose of making their property more attractive and valuable, and it was not necessitated by the topography of the street. Whether this was done with or without the knowledge or consent of the city is not averred; and, if any liability was thereby incurred by the last-named defendants, it would be because the injury to the plaintiff resulted from the original construction of this sidewalk by the last-named defendants, and therefore there would be entirely wanting any co-operation in the wrongful act by the defendant the Barber Asphalt Paving Company; and, as between said defendants, there would be a separable cause of action. It is true that in another part of the petition it is alleged that the Barber Asphalt Company paved the street under contract with the defendants J. L. Coates, A. C. Coates, and Homer Reed, and that in doing the work said Barber Asphalt Company loosened and made the bottom step leading from the sidewalk in question insecure. Whether or not the Barber Asphalt Company, as to the Coateses and Reed, sustained the relation of an independent contractor, or whether

it is intended to hold the Coateses and Reed liable as masters, is not clear. But, for the purpose of this motion, the liability of the defendants the Coateses and Reed may be entirely eliminated from consideration. To entitle the defendant the Barber Company to a removal of the case from the state court into the federal court, the cause of action as to it must be wholly separable from that of all the resident defendants.

By section 11 of article 17 of the charter of defendant Kansas City, whenever the city shall be sued for liability growing out of the unauthorized or wrongful act, or growing out of the negligence, carelessness, or unskillfulness, of any person or corporation, and such person or corporation shall also be liable to an action on the same account by the party injured, it (the city), on motion, may compel plaintiff to bring in such other party or corporation as a joint defendant. Under the averments of this petition, the plaintiff has a cause of action against the Barber Asphalt Company, the same as against the defendant city, for the negligent condition in which the sidewalk in question was left, arising from the failure of each of said defendants to repair the sidewalk after the work of paving was done. In this respect the case at bar is differentiated from the cases cited by defendants. It results that the motion to remand must be sustained, and it is so ordered.