Complainant moves to strike the counter-claim of defendant Dudley O. Sayre on the ground that it brings into the suit a controversy which is foreign to the cause of action stated in the bill.
Since the enactment of the Chancery Act of 1915, P.L. 1915 p.184, pleadings and proceedings in Chancery are governed by rules promulgated by the Chancellor. R.S. 2:29-42. The rules, so far as they relate to the joinder of causes of action and to counter-claims, are taken, almost verbatim, from the procedure of our law courts which was adopted in 1912. P.L. 1912 p. 377.
"Subject to the provisions of other rules herein contained, the complainant may join any causes of action." (Chancery Rule 26.)Cf. R.S. 2:27-37.
"Subject to the provisions of other rules herein contained, a defendant may counter-claim or set off any cause of action against the complainant." (Chancery Rule 28.) Cf. R.S.2:27-137.
"A counter-claim is deemed to be a cross action and the rules respecting the form and manner of pleading the bill of complaint and answer, apply respectively to the counter-claim and the answer thereto." (Chancery Rule 73.) Cf. Supreme Court Rule66.
"The court may order a separate hearing of, or may strike out, any cause of action (found in the bill) which cannot be conveniently heard with other causes of action joined in the same suit." (Chancery Rule 27.) Cf. Supreme Court Rule 21(f).
"In the discretion of the court separate hearings (on the counter-claim) may be ordered, or if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out." (Chancery Rule 28.) Cf. R.S. 2:27-141.
It seems the obvious policy of these rules that, when convenience permits, all equitable controversies between the same parties may be litigated in a single suit. The complainant is empowered to join distinct unrelated causes of action in his bill, and the defendant is given a corresponding right to bring in other controversies between him and the complainant. It is equally clear that the whole matter of joinder is subjected to the discretion of the court in order — using the language ofChancery Rule 4 — "to facilitate business and advance justice." In the exercise of this discretion, the court has usually taken what may be termed a conservative position; it has considered that the inclusion of too many controversies *Page 580 
produces a record so complicated as to impede a prompt and satisfactory decision. National Newark, c., Co. v. VangoldRealty Co., 125 N.J. Eq. 293.
Will justice be advanced by striking out the counter-claim; can the counter-claim conveniently be disposed of in this action? The bill and counter-claim together present several related matters: Should the trustee under the will of Marcus Sayre, deceased, accept a certain offer for one parcel of real estate and should it abandon another parcel which does not produce enough income to meet taxes? Is the trustee liable for certain alleged neglects? Who are the beneficiaries of the trust? It seems to me that these questions may well be decided in a single suit. To force counter-claimant to institute a separate suit, will add to the expense and will delay the adjudication. The motion is denied.
There is an alternative motion for separate hearings and this will be granted. The hearing on the bill will require little preparation and ought to occupy less than an hour. A prompt determination will be advantageous to all parties. Without waiting until the counter-claim is at issue, complainant may move for an order of reference, and then for a day for hearing on the bill.
Complainant lastly moves to strike out interrogatories annexed to the counter-claim. By virtue of R.S. 2:29-44, a complainant may annex to his bill interrogatories, founded on statements therein. This is a method of obtaining discovery, a substitute for a sworn answer to the bill itself. Since the counter-claim is considered a cross-action and the rules respecting the form of a bill of complaint apply to it, a counter-claimant may annex interrogatories to his counter-claim. The motion to strike all the interrogatories is denied, but some of them will be struck because they are not founded on statements in the counter-claim. Namely, interrogatories Nos. 36, 38, 39, 40, 47, 48, 49 and 61. Also so much of No. 62 as asks for a copy of a certain lease. When the counter-claim and interrogatories shall have been answered, if counter-claimant deems the terms of the lease material to his case, he may petition for leave to inspect and copy, under rule 86. *Page 581