In the matter of the estate of PAUL L. CARPENTER, deceased.

[Reargued May 27th, 1948. Decided September 3d, 1948.]

*Mr. Bruce A. Wallace* and *Mr. Rocco Palese* (*Mr. Carl Kisselman,* of counsel), for the appellant, Hans Stanko.

*Mr. Isadore H. Hermann,* for the respondent, Gertrude A. Carpenter.

The opinion of the court was delivered by

JACOBS, J.

This is an appeal from the action of the Prerogative Court denying the petition of appellant, Hans Stanko, for an order vacating the appointment of respondent, Gertrude A. Carpenter, as administratrix *ad prosequendum* of the estate of Paul L. Carpenter, deceased.

On November 30th, 1945, Paul L. Carpenter was fatally injured in an automobile accident in the State of Pennsylvania. In November, 1946, the respondent, Gertrude A. Carpenter, resident within the State of New Jersey, filed her petition for appointment as administratrix *ad prosequendum,* alleging that she is the widow of Paul L. Carpenter, that there are five children surviving, and that she desired to institute an action for damages against Hans Stanko and Ralph Stanko, owner and operator of the automobile involved in the accident, resulting in her husband's death. On November 12th, 1946, an order was entered in the Prerogative Court granting letters of administration *ad prosequendum* to the respondent. Thereafter, Gertrude A. Carpenter instituted an action for damages against Hans Stanko and Ralph Stanko in the United States District Court for the Eastern District of Pennsylvania, and that action is now pending.

In September, 1947, the appellant, Hans Stanko, filed, in the court below, notice and petition to vacate the order granting letters of administration *ad prosequendum,* alleging that the decedent was a resident of Pennsylvania at the time of his death and that, in view of his non-residence, the non-residence of Hans and Ralph Stanko, and the occurrence of the accident outside New Jersey, the Prerogative Court had no jurisdiction to grant the letters. *Cf. R. S. 3:7–13.* Without passing on this contention, the court below, citing *In re Walsh (Prerogative Court, 1942), 131 N. J. Eq. 376,* denied the petition on the ground that the appellant, as a potential debtor in an action for wrongful death, had no standing to challenge the validity of the original grant of letters. The present appeal seeks to reverse that action.

Since the accident occurred in the State of Pennsylvania, it is clear that the right of action for wrongful death is governed by the laws of that state rather than. ours. See *Giardini* v. *McAdoo (Court of Errors and Appeals, 1919), 93 N. J. Law 138, 140; Morss* v. *Allen (Supreme Court, 1938), 120 N. J. Law 203, 205.* It is equally clear that all of the pertinent issues relating to the cause of action resulting from the accident may be fully determined, and all of the substantial rights of the appellant, as the alleged tort-feasor, may be fully protected in the action now pending in the United States District Court for the Eastern District of Pennsylvania. See *Stafford* v. *Roadway Transit Co. (D. C. W. D. P., 1947), 70 Fed. Supp. 555; 165 Fed. Rep. (2d) 920 (C. C. A. 3rd, 1948) ; Suders* v. *Campbell (D. C. M. D. Pa., 1947), 73 Fed. Supp. 112.* Any questions relating to the plaintiff's capacity to maintain her pending action are proper ones for determination by the federal court under the controlling statutes and decisions of the State of Pennsylvania. *Cf. Cooper* v. *American Air Lines (C. C. A. 2d, 1945), 149 Fed. Rep. (2d) 355; Coburn* v. *Coleman (D. C. W. D. S. C., 1947), 75 Fed. Supp. 107.*

The accident having occurred on November 30th, 1945, it is conceded that under Pennsylvania law any new action against appellant is barred by limitations. See *Piacquadio* v. *Beaver Valley Service Co. (1946), 355 Pa. 183; 49 Atl.*

*Rep. (2d) 406; Slafford* v. *Roadway Transit Co., supra.* In the light of this circumstance, coupled with the fact that the appellant may have full protection of his interests in the pending federal court action, we fail to see how his substantial rights have, in anywise, been adversely affected by the action of the court below. *Cf. Loughney* v. *Thomas* (*Court of Errors and Appeals, 1936*), *117 N. J. Law 169, 172; In re Barmeier's Estate* (*App. Div., 1936*), *288 N. Y. S. 318, 319;* affirmed (*Court of Appeals, 1936*), *272 N. Y. 601.* Indeed, neither in his brief nor in his argument has the appellant suggested that the lower court's issuance of letters has harmed or prejudiced him; on the contrary, his contention rests entirely on the ground that it constituted "legal error." This, however, ignores entirely the recognized and broadening judicial concepts which disfavor procedural moves calculated to defeat a just determination on the ultimate merits and under which non-prejudicial error, not affecting the substantial rights of the appellant, does not constitute cause for reversal. *Cf. Loughney* v. *Thomas, supra; Cammarata* v. *Public Service Co-ordinated Transport* (*Court of Errors and Appeals, 1940*), *124 N. J. Law 38, 41; Hartford Accident and Indemnity Co.* v. *Benevento* (*Court of Errors and Appeals, 1945*), *133 N. J. Law 315, 323.*

In the *Cammarata Case* an action under the Death Act was instituted shortly after the accident, in the name of an administrator *ad prosequendum,* who was not, however, actually appointed until long afterwards when the statute of limitations had run and the case was about to be tried. This court, speaking through Mr. Justice Parker, declined to reverse a judgment rendered in favor of the administrator, holding that the error was not harmful and pointing out that "the policy of modern law in this state has been to strive for a hearing and decision on the merits and to subordinate matters of form not affecting the merits." In the *Loughney Case,* this court overruled an objection by the defendants that letters had been improperly issued to the appellant administratrix *ad prosequendum* pointing out that the alleged tortfeasor defendants were not "harmed or prejudiced" and that the appointment of the administratrix "in an improper man-

ner or by an unauthorized officer cannot injure or affect the substantial rights of the defendants, particularly where, as here, the next of kin urge nothing in this direction."

The wholesome policy of our law against lending aid, where, as here, substantial rights are not affected, to procedural moves designed to frustrate a just determination between the parties on the ultimate merits is further illustrated by the related line of cases typified by *Wilson* v. *Dairymen's League Co-operative Association, Inc.* (*Court of Errors and Appeals, 1928*), *105 N. J. Law 188, 191,* and *Norko* v. *Rau* (*Court of Errors and Appeals, 1931*), *107 N. J. Law 479.* In the *Wilson Case* this court overruled objection to an amendment, in a death action, substituting the administratrix *ad prosequendum* for the general administratrix, notwithstanding that the statutory limitation of time for instituting the action had expired. In the course of his opinion Mr. Justice Katzenbach said :

"The supplemental act in substituting one person for another as the formal party to prosecute the action did not affect rights theretofore existing but only the manner or method of their enforcement. The effect of these observations is that the administrator *ad prosequendum* institutes an action for death as a matter of form and not one of substance. In our opinion there was no error in the allowance of the amendment to substitute Mrs. Wilson as administratrix *ad prosequendum* as the plaintiff in the action. Such substitution affected no substantial right of the defendant below. It was the correction of a technical mistake."

Similarly, in the *Norko Case* this court, speaking through the present Chief-Justice, sustained an amendment in an action for wrongful death under the Pennsylvania statute, which substituted the decedent's father, as plaintiff, individually, in his stead as administrator *ad prosequendum.* In referring to the *Wilson Case,* the Chief-Justice pointed to its holding that, "the substitution of one person for another as the formal party to prosecute a death action does not affect the rights theretofore existing but only the manner or method of their enforcement," and "that the aim of courts and legis-

lators is to abolish technicalities and enable suitors to have the merits of their controversies fully tried * * *."

We are satisfied from the facts presented in the record before us that the granting of the relief now sought by the appellant would be contrary to the interests of substantial justice and that, under the cited authorities, the order of the court below ought not be set aside since it has not prejudiced the appellant, or in anywise adversely affected his substantial rights. Accordingly we need not, in this proceeding, pass upon the propriety of the original grant of letters or upon the soundness of the Prerogative Court's determination that the appellant had no standing to attack it.

The order of the court below is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.