[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 30 
This is an appeal from an order entered in the Bergen County Court on the first day of February, 1949, which provided "that the counterclaim filed in the above entitled action by Hacker 
Hacker be and is hereby dismissed."
In February, 1947, the plaintiff, Joseph Ciocca, a member of the Board of Education of the Borough of Fort Lee, filed a complaint for libel against the defendant Ralph E. Hacker, a member of Hacker Hacker, architects. In September, 1947, a voluminous answer by the defendant Ralph E. Hacker was filed. The answer also embodied a counterclaim by defendant Ralph E. Hacker and Glenn A. Hacker, trading as Hacker Hacker, who "individually and jointly" alleged that they had entered into a contract with the Board of Education of the Borough of Fort Lee designating them as school architects and that the plaintiff had maliciously interfered with their contractual relations. The specific acts of the plaintiff which are alleged to have constituted the malicious interference are set forth in twenty-two subparagraphs of paragraph three of the counterclaim which concludes with a demand for damages in the sum of $5,000 against the plaintiff.
On November 7, 1947, the plaintiff filed a notice of motion to strike the counterclaim on the ground, among others, that there had been a misjoinder of parties in that "the partnership of Hacker Hacker filed this counterclaim wherein the defendant was Ralph Hacker, individually." Briefs were evidently filed and the matter was submitted to the County Court for its determination. At the time the motion was made the alleged cause of action in the counterclaim had admittedly not been barred by the statute of limitations; at the argument on the appeal both counsel expressed agreement *Page 32 
that the time for instituting a new action is now barred and presumably was barred by December 22, 1948, when the County Court rendered its opinion that the counterclaim be stricken, and on that basis we shall so assume. The County Court stated that it considered all points abandoned by the plaintiff except those advanced in his brief, namely, (1) that the counterclaim could not be filed by the defendant and a third party who was not a party to the original action, and (2) that the counterclaim could not be conveniently tried with the plaintiff's cause of action. The County Court found both of these contentions to be sound, granted the plaintiff's motion and entered an order which, though inappropriately worded, was evidently intended as a judgment striking the entire counterclaim.
It is conceded that under the former practice a new party to a proceeding could not be joined by simply including him as a counterclaimant, as was done here. See Ruchlin v. A.G. MotorSales Corp., 127 N.J.L. 378 (Sup. Ct. 1941). Although the new rules liberally recognize that legal procedure is not an end, but merely a means for the proper administration and effectuation of justice, they, in turn, prescribe orderly, though simple, procedural steps, calculated towards that goal. Thus, Rule
3:13, in comprehensive terms, allows the filing of a counterclaim "against an opposing party" but its language clearly assumes that the counterclaim is being filed by one who is a party and does not suggest that one may become a party by joining, without leave, in the counterclaim. Other rules specifically prescribe the practice and requirements where someone other than the original plaintiff and defendant is to be made a party. Seee.g., Rule 3:13-7, which allows the court to order a third party to be brought in as a defendant when necessary for the granting of complete relief; Rule 3:14, which relates to third party practice generally; and Rule 3:24, which relates to intervention by a new party. It may be noted that these rules contemplate judicial action upon due application and a sufficient showing and that by Rule 5:2-1 they, along with the other rules cited in this opinion, are made applicable to the County Courts. *Page 33 
We are satisfied that the County Court's conclusion that the counterclaim was improper, in so far as it joined a party other than Ralph E. Hacker individually without application or judicial leave, was sound both under the old practice and the new. We are likewise satisfied that the County Court's further conclusion that because of the "numerous questions of fact and the complexity and diversity of the law" the counterclaim could not be conveniently tried with the plaintiff's action, was within its authority which, on that issue, should be and is widely discretionary. Nevertheless, we believe that in the light of the particular circumstances prevailing at the time the County Court rendered its opinion, including the fact that in the interim period, a new complaint by the counterclaimants had presumably been barred, the court, in the interests of justice, should not have dismissed the entire counterclaim, but should have severed it and permitted it to remain as a separate complaint. Cf. Rule
3:21, relating to misjoinder of parties (See R.S. 2:27-31) andRules 3:13-8 and 3:42-2, relating to separate trials of issues which cannot be conveniently tried together. See R.S. 2:27-141;Fidelity Union Trust Co. v. Sayre, 134 N.J. Eq. 578 (Ch.
1944); 137 N.J. Eq. 179 (E. A. 1945). There being no counterbalancing considerations presented, it seems to us that the sanctioning, in the instant case, of the striking rather than the severing of the counterclaim would run counter to the wholesome and ever-broadening policy against the procedural frustration of just determinations between parties on the ultimate merits, recently recognized by the Court of Errors and Appeals in Re Carpenter's Estate, 142 N.J. Eq. 772,61 A.2d 446 (E. A. 1948), and implicit in the philosophy of our new judicial structure and rules. Upon the instatement of the counterclaim as a separate complaint, the plaintiff Joseph Ciocca may file answer or otherwise move and that proceeding thereafter will take the same course as other actions in the County Court.
The order under review is reversed and the matter is remanded to the County Court for further steps in accordance with this opinion. *Page 34