[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 436 
The defendant, Philadelphia National Insurance Company of Philadelphia, appeals, and the plaintiff, Ward Trucking Corporation, cross-appeals from a judgment entered in the Law Division of the Superior Court. *Page 437 
In January, 1945, the plaintiff, an interstate motor vehicle carrier, received property from seventeen shippers which it, in turn, delivered to City Line Express, another interstate carrier, for delivery to the consignees. On January 25, 1945, while the property was in the Jersey City terminal of the City Line Express, it was destroyed by fire. Thereafter, plaintiff instituted an action against City Line Express and on February 11, 1948, obtained judgment in the sum of $2,999.69. This judgment has not been satisfied. On March 11, 1948, the plaintiff filed its complaint alleging that the defendant had issued a fire insurance policy bearing, as prescribed by regulations of the Interstate Commerce Commission, a form BMC 32 endorsement for the protection of shippers and consignees, to City Line Express, and seeking recovery in the amount of its judgment, together with interest from February 11, 1948. The lower court construed the endorsement to allow a direct recovery by the plaintiff against the defendant on the basis of its unsatisfied judgment against City Line Express in an amount not exceeding $2,000, and judgment in that sum was entered for the plaintiff.
The basic policy issued by the defendant insured City Line Express against loss by fire, but excluded liability for loss at the premises of the assured or in any garage or building where the insured property was usually kept. An endorsement dated December 9, 1944, extended coverage of the policy to include merchandise while temporarily detained in garages or warehouses for a period not exceeding 48 hours. Nothing in the plaintiff's proof contained any suggestion that its loss came within the coverage of this endorsement or the basic policy, and we consider, as did the lower court, that the plaintiff's claim for direct recovery against the defendant must rest entirely upon the form BMC 32 endorsement (Cf. Crown Fabrics Corp. v. NorthernAssurance Co., Ltd., 124 N.J.L. 27 (E. A. 1940)), which provides, in part, that "the company hereby agrees to pay, within the limits of liability hereinafter provided, any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee, and coming into the possession of the insured in connection *Page 438 
with its transportation service, for which loss or damage the insured may be held legally liable." A subsequent provision dealing with the limits of the company's liability states that it "shall not be liable for an amount in excess of $2,000, in respect of any loss of or damage to or aggregate of losses or damages of or to the property hereby insured occurring at any one time and place, nor in any event for an amount in excess of $1,000, in respect of the loss of or damage to such property carried on any one motor vehicle, whether or not such losses or damages occur while such property is on a motor vehicle or otherwise."
The lower court in construing the above-quoted language rejected the plaintiff's contention that it insured each individual shipper to the extent of $2,000; instead, it concluded that the maximum liability imposed by the endorsement, independent of any other policy undertakings, was $2,000 for the aggregate losses resulting from the fire at the assured's premises. Our study of the endorsement, supported by the pertinent history of its preparation by the Interstate Commerce Commission, has led us to the same conclusion. After the passage of the Motor Carrier Act of 1935, the Commission, upon investigation, determined that a reasonable minimum amount of insurance to cover loss or damage to property of shippers or consignees would be: "For the loss or damage to property carried on any one motor vehicle, $1,000; for loss of or damage to or aggregate of losses or damages of or to property occurring at any one time and place, $2.000." A requirement to the foregoing effect was embodied in the Commission's rules and form BMC 32 was prepared and prescribed by the Commission in fulfillment thereof. We believe that the language used in the form appropriately limits the company's liability to $2,000 for the aggregate of the claims resulting from loss occurring at any one time and place, such as the loss resulting from the fire of January 25, 1945. The contrary construction advanced by the plaintiff would subject the insurance company to the possibility of great liability without ascertainable limits; bearing in mind that the $2,000 endorsement was a minimum *Page 439 
requirement which had no relation to other or additional insurance, it appears clear that such construction would not be consistent either with the Commission's intent or with the language used in the form.
We are satisfied that, subject to the limit of $2,000, the form BMC 32 endorsement gave to shippers and consignees, and to the plaintiff as subrogee after its payment of their losses, a direct action against the defendant on the basis of its judgment against City Line Express. The endorsement expressly embodies an agreement by the company to pay shippers and consignees for loss "for which the insured may be held liable." The plaintiff's judgment adequately established the assured's legal liability within the contemplation of the endorsement. Cf. 49 U.S.C.A.,
§ 315; Gillard v. Manufacturers' Ins. Co. of Philadelphia,93 N.J.L. 215 (E. A. 1919).
A more troublesome issue, raised by the defendant, is whether the plaintiff's recovery should be prorated with the other shippers or consignees whose property was also destroyed in the fire. The evidence indicates that the fire destroyed property of seven shippers or consignees, including the U.S. Government, in addition to the seventeen represented by the plaintiff. However, although almost four years had elapsed at the time of the trial below on December 6, 1948, no proceedings had ever been instituted against City Line Express by or on behalf of the other shippers or consignees and they are not parties to this action. In April, 1948, an action which had been instituted by the defendant in the United States District Court seeking to interplead the sum of $2,000, was dismissed for lack of jurisdiction. Thereafter, the defendant made no attempt to obtain interpleader in the state courts until the very day of trial, when it presented a counterclaim seeking a joinder of the other shippers or consignees as parties defendant and relief in the nature of interpleader. The lower court declined to join the additional parties and determined the case without regard to the counterclaim. We believe that, under the circumstances presented and notwithstanding the liberal concepts of our new rules (Cf.Ciocca v. *Page 440 Hacker, 4 N.J. Super. 28, 66 A.2d 451 (App. Div. 1949)), this action was entirely sound. No justification whatever was advanced by the defendant for its delay. A pretrial conference had been held in September, 1948, and the order entered pursuant thereto contains no suggestion that the defendant might thereafter seek interpleader. It would be grossly unfair to the plaintiff to permit the defendant to sleep on its known rights through the pretrial conference and thereafter permit it, on the day of trial and without advancing any excuse for its delay, to thwart immediate determination of the proceeding by joining additional parties and having them interplead.
On the pleadings and issues properly before the trial court, it correctly concluded that the defendant was not entitled to limit the plaintiff's recovery to a prorated proportion of the $2,000. We are not at liberty in this proceeding to determine what claims, if any, the other shippers or consignees may have and it may well be that they will never seek to press their claims. In this latter event, the defendant would obtain a substantial windfall if the plaintiff's recovery were limited to a prorated portion. It seems to us that in view of the omission from the endorsement of any express provision for prorating, the plaintiff's diligence, in contrast to the inaction of the other shippers or consignees, entitles it in this proceeding to a full recovery against the defendant. Cf. Turk v. Goldberg,91 N.J. Eq. 283 (Ch. 1920); Lumbermen's Mutual Casualty Co. v.Yeroyan, 90 N.H. 145, 5 A.2d 726 (Sup. Ct. 1939).
In the light of the foregoing, the lower court properly entered judgment in plaintiff's favor in the sum of $2,000; it declined, however, to allow interest on the ground that the endorsement limitation precluded such recovery. The plaintiff's judgment fixed the liability of the insured City Line Express and although the defendant was then obligated to make payment, it failed to do so. Under well-settled principles, legal interest accrued thereafter. Cf. United Deliveries, Inc., v. Norwich Union FireIns. Society, Ltd., 133 N.J.L. 393, 399 (E. A. 1945). We have no occasion to consider *Page 441 
the plaintiff's present contention that interest accrued from the earlier date of fire, since its complaint sought interest from February 11, 1948, the date it obtained its judgment.
The judgment below is modified to include interest from February 11, 1948, and as thus modified it is affirmed.