97 N.J. Super. 319 (1967)
235 A.2d 58
ALBERT J. WOJCIK, PLAINTIFF,
v.
RALPH POLLOCK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 9, 1967.
*322 Mr. Milton Malkin argued the cause for plaintiff.
Mr. Thomas F. Hueston argued the cause for defendant (Messrs. Hueston and Hueston, attorneys).
DEVITA, J.D.C. (temporarily assigned).
The plaintiff, Albert J. Wojcik instituted suit for injuries sustained as a result of the alleged negligence of Ralph Pollock, defendant, on April 28, 1963. Plaintiff, while seated in a vehicle commonly known as a "Mushmann" on the premises of his employer, Wakefern Food Corporation, was allegedly struck by defendant's truck. Defendant, by way of defense, alleges that on May 17, 1963 plaintiff executed a release in the amount of $1,000. Plaintiff counters said defense by alleging that even if the aforesaid release were executed and even if the sum of $1,000 were given him, the release is not enforceable at law. The alleged unenforceability of the release is premised on plaintiff's contention that defendant procured the document by fraud. In order to prove fraud plaintiff seeks to introduce, inter alia, evidence of the subsequent severity of the injuries allegedly sustained and the resultant medical ramifications of said injuries.
The court is presented with two questions of law: (1) whether the issue of release should first be tried by a jury, thereby severing it from the other legal and factual issues inherent in the case, and (2) if severance is ordered, what is the proper scope of the proofs relative to the release issue?

I
The question of severance is governed by R.R. 4: 43-2(a) which provides in pertinent part:
*323 "(a) The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counter-claim, third-party claim, or separate issue * * *"
R.R. 4:43-2(b) is irrelevant to a disposition of the instant question: the court is not presented with a motion to try the issue of liability separately, but with a motion to try one of the component issues vis a vis the liability of defendant. Raroha v. Earle Finance Corp., Inc., 47 N.J. 229 (1966); Annotation, "Propriety of separate trials of issues of tort liability and of validity and effect of release," 4 A.L.R.3d 456 (1965).
A motion for severance under R.R. 4:43-2(a) is in the discretion of the court, the purpose being to avoid prejudice to any of the parties, or to further convenience. Galler v. Slurzberg, 22 N.J. Super. 477 (App. Div. 1952); Motor Trucking Co., Inc. v. DeGennaro, etc. Inc., 13 N.J. Super 531 (Law Div. 1951); Ciocca v. Hacker, 4 N.J. Super. 28 (App. Div. 1949); Shapiro v. Rice, 5 N.J. Super. 133 (App. Div. 1949); Hogan v. Hodge, 6 N.J. Super. 55 (App. Div. 1949); Hagan v. Gallerano, 66 N.J. Super. 319 (App. Div. 1961).
The reasons for granting motions to sever particular issues are not enunciated by the New Jersey case law, although strong adherence is given to the language of R.R. 4:43-2(a). Convenience or prejudice are the recognized criteria. See Galler v. Slurzberg, supra; Ciocca v. Hacker, supra. Courts in other states, however, have interpreted the meaning of convenience or prejudice. One of the main factors considered by them in allowing separate trials for matters of convenience is the fact that if the release is valid the litigation would be at an end, and time and expense are saved for the court and the parties involved. In allowing separate trials in order to avoid prejudice, the following factors have been considered: (1) when a negligence action involves a release, the release issue is often disregarded by the jury; (2) a single trial creates an atmosphere which would produce an unconscious influence upon the jury; and *324 (3) a single trial might confuse the jury. Ross v. Service Lines, Inc., 31 F. Supp. 871 (D.C. Ill. 1940); Dienstag v. Kiamesha-Concord, Inc., 283 App. Div. 736, 127 N.Y.S.2d 908 (App. Div. 1954); Burton v. Niagara Mohawk Power Corp., 280 App. Div. 356, 113 N.Y.S.2d 483 (App. Div. 1953); Fulmer v. Sovocool, 26 App. Div.2d 889, 274 N.Y.S.2d 215, 216 (App. Div. 1966).
The courts of New Jersey have recognized the utility of the severance procedure relative to the issue of a fraudulently procured release and have exercised the inherent discretion embodied in R.R. 4:43-2(a). Raroha v. Earle Finance Corp. and Hagan v. Gallerano, supra. It is also recognized that when the alleged fraud is in dispute, a question for the jury is presented. Evangelista v. Public Service Coord. Transport, 7 N.J. Super. 164 (App. Div. 1950).
It is the opinion of this court, in light of the foregoing, that convenience can best be served and prejudice to any of the parties best avoided by ordering a severance of the release issue, that issue to be determined in a separate jury trial. The court's decision to exercise its discretion comports harmoniously with the intent and purpose of R.R. 4:43-2(a) and the relevant decisional law, supra.

II
It is the law in this State that a release is binding and that the releasor will be held to the terms of a bargain he willingly and knowingly entered into unless there is a showing of fraud, misrepresentation or over-reaching by the releasee, or a showing that the releasor was suffering from an incapacity affecting his ability to understand the meaning of the release or on any other equitable ground. Raroha v. Earle Finance Corp., Inc., supra.
The question of the scope of the proofs necessary to establish the invalidity of a release procured by fraud requires a discussion of the dichotomy between legal and equitable fraud. At law a person's signature was considered *325 binding unless it was obtained by fraud or imposition practiced upon him with the intention of deceiving him as to the purport of the paper signed. Scott v. Bodnar, 52 N.J. Super. 439 (App. Div. 1958); Heuter v. Coastal Air Lines, Inc., 12 N.J. Super. 490 (App. Div. 1951); Peter W. Kero, Inc. v. Terminal Construction Corp., 6 N.J. 361 (1951); Evangelista v. Public Service Coord. Transport, supra. In equity, however, the rule permitting avoidance of a release was more broadly stated. Heuter v. Coastal Air Lines, Inc., supra.
The Heuter case outlined the extent of the equity rule:
"* * * [I]n McGrail v. Jersey Central Traction Co., 84 N.J. Eq. 261, 267 (Ch. 1915), Vice-Chancellor Emery granted relief where he concluded that `upon the whole evidence relating to the negotiations for settlement and the execution of the release, it appears that such an unfair and inequitable advantage was taken by the company's agents, that the release must be set aside * * *.'
[I]t is only when the release is obtained `from the illiterate, the weak-minded or distressed party, under circumstances which indicate that it was procured by artifice or deception, or by undue pressure and importunity inducing action without advice or time for deliberation, or by advantage taken of distress, or for no or an inadequate consideration, or is otherwise inequitable, that it will come under condemnation.'" (at p. 494)
It is clear that plaintiff in the instant matter is not confined to a sufficient showing at law. Legal and equitable relief may now be granted by each of the trial divisions of the Superior Court. Heuter v. Coastal Air Lines, Inc., supra. To avoid the consequences of a release a plaintiff may properly rely upon the evidence of his illiteracy, illness, absence of friends and counsel, lack of understanding and omission of all explanation, or any equitable principles based upon the unfair and unconscionable conduct of the defendant. McGrail v. Jersey Central Traction Co., supra; Heuter v. Coastal Air Lines, Inc., supra; Dundee Chemical Works v. Connor, 46 N.J. Eq. 576 (E. & A. 1890).
One of the proper factors in order to prove fraud is the inadequacy of consideration. Although inadequacy of *326 consideration is not itself a sufficient basis for the cancellation of a release, it is a proper element for consideration and a factor indicating that it was is not understandingly given, thus supporting a claim of misrepresentation. Southwest Pump & Machinery Co. v. Jones, 87 F.2d 879 (8 Cir. 1937); Annotation "Avoidance of release of personal injury claims on ground of fraud or mistake as to the extent or nature of injuries," 71 A.L.R.2d 82 (1962).
Plaintiff seeks to introduce, inter alia, evidence of the consequent severity of the injuries allegedly caused by the accident after the date of the release. Said evidence includes the amount of special damages incurred and the resultant loss of work. From a careful analysis of the cases such testimony is allowable in order for the jury to discern the totality of the circumstances and, more important, the possible inadequacy of consideration. The proofs plaintiff seeks to offer are central to a determination of any inadequacy of consideration. Since such inadequacy is a proper factor for consideration, it follows that any evidence bearing on this factor is relevant and within the scope of the proofs. Medical proofs and related evidence must be considered, albeit said proofs are subsequent to the execution of the release. Raroha v. Earle Finance Corp., Inc., supra.
It is the opinion of this court that evidence relating to the consequent severity of the injuries allegedly caused by the accident of April 28, 1963 is within the scope of the proofs relating to the release issue. This evidence may properly include testimony of a medical nature, of a lay nature, relating to loss of work and relating to special damages incurred. These proofs appear to be contemplated by the foregoing decisional law.
It is hereby ordered that the question concerning only the validity of the release shall be first determined by a jury, and at that hearing concerning the determination of the release the manner of the happening of the accident and plaintiff's injuries and losses as a result thereof shall be evidential.