592 A.2d 665

STATE OF NEW JERSEY, PLAINTIFF,
v. GEORGE FOX, DEFENDANT.

Superior Court of New Jersey
Law Division Monmouth County

Argued April 12, 1991—Decided April 22, 1991.

*Laurie Blau,* Assistant Prosecutor, County of Monmouth, for the State (*John A. Kaye,* Prosecutor, Attorney). .

*James A. Carey,* Attorney for the defendant.

O'HAGAN, J.S.C.

This appeal from the Long Branch Municipal Court arises from that court's "reconsideration" of its December 19, 1990, decision dismissing the charges against the defendant George Fox. The defendant had been charged with driving while intoxicated contrary to *N.J.S.A.* 39:4–50 (hereinafter "D.W.I."). On appeal, the defendant contends that the lower court did not have jurisdiction to reinstate the prosecution against him. The Superior Court, Law Division, reverses the decision of the Municipal Court reinstating the charges against the defendant George Fox and remands the matter to the Long Branch Municipal Court for the entry of a judgment of dismissal.

I.

George Fox was issued a summons for D.W.I. on October 25, 1990, in the City of Long Branch. Initially, the case was given a December 5, 1990, trial date. On that date the State was not ready to proceed and, over the objections of the defendant, requested an adjournment. The Municipal Court, bearing in mind the Supreme Court directive to dispose of D.W.I. cases within sixty days,[1] granted the adjournment but marked the case on a try or dismiss basis for December 19, 1990. The court also specifically notified the defendant, his counsel, the municipal prosecutor, and the arresting officer of this designation and advised that no further notice would be given. On December 19th the police officer, notwithstanding this clear direction given by the Municipal Court Judge, failed to appear. As a consequence the State was not ready to proceed. At the defendant's request the court dismissed the complaint "with great reluctance."

----

[1] *See, Directive # 1–84, contained in a memorandum from Chief Justice Robert N. Wilentz dated July 26, 1984; See also, Administrative office of the Courts Municipal Court Bulletin Letter # 9/10–85 dated October 22, 1985; State v. Detrick,* 192 *N.J.Super.* 424, 470 A.2d 933 (App.Div.1983), *State v. Perkins,* 219 *N.J.Super.* 121, 529 A.2d 1056 (Law Div.1987), *State v. Paris,* 214 *N.J.Super.* 220, 518 A.2d 786 (Law Div.1986).

Subsequent to this dismissal, the municipal prosecutor was contacted by a well respected attorney-at-law who expressed his concern over the dismissal of this matter without the court informing the victim, his daughter. The attorney advised the prosecutor that defendant's D.W.I. charge was prompted by the investigation of an automobile accident resulting in injuries to his daughter. No meaningful specification of the victim's injuries were set forth below, although both the police report and the defendant's counsel described fairly insignificant injuries. Due to his concern that the victim's rights may go unprotected, and with this additional information, on January 17, 1991, the Municipal Prosecutor filed a motion with accompanying affidavit requesting that the case be reinstated. On January 29, 1991, the motion was heard and the Municipal Court reinstated the charges against the defendant. The court found that it had acted under a mistaken view of the facts when it dismissed the charges on December 19, 1990, because no one had advised the court that there had been an accident and that another person had suffered injuries as a result. The court held that the provisions of *N.J.S.A.* 39:4–50.11d(2) ("D.W.I. Victims' Bill of Rights") were applicable even in the absence of a timely notice by the victim.[2] The Municipal Court, pursuant to *R.* 1:1–2, determined that the interest of the victim and the severity of the charges required the relaxation of the rules of procedure to allow the court to relist the matter. The court characterized its reinstatment of the complaint as a reconsideration. The defendant now appeals this ruling.

## II.

At issue in this case is the proper procedure to reconsider and relist a matter that has been dismissed for lack of prosecution

---

[2]Which in general requires the municipal court to provide notice to the victim of scheduled trial dates, etc. if the victim submits a written request filed within ten days of the offense.

in a municipal court. An examination of the relevant rules of procedure with a focus upon their scope and timing is in order.

Clearly, the first step to resolving any procedural quandary is to determine specifically what rules govern the actions of the court. In this matter we are concerned with the rules governing the municipal courts, i.e. Parts I, III and VII of the *Rules Governing The Courts of The State of New Jersey.*

Next, the specific rules governing the procedure in question must be examined. In the instant case, the municipal prosecutor sought the relisting of a matter that had been dismissed for lack of prosecution. Although there is no specific rule pertaining directly to the relisting of dismissed cases, one could interpret the prosecutor's motion to be a motion for rehearing pursuant to *R.* 1:7-4. That rule, made applicable to the municipal courts by *R.* 1:1-1, states that "[u]pon motion made not later than 10 days after entry of final order or judgement, the court may grant a rehearing or may, on the papers submitted, amend or add to its findings and may amend the final order or judgment accordingly ..."

Of importance to the analysis of any procedural question is the presence or absence of time limitations prescribed by the rules. The above stated rule governing the matter at hand sets forth a 10 day time limit for bringing this motion. This 10 day provision of *R.* 1:7-4 applies only to final orders and judgments to be distinguished from reconsideration of interlocutory orders which may, in the interest of justice, be filed in the court's discretion up to the time of entry of final judgment. *Johnson v. Cyklop Strapping Corp.,* 220 *N.J.Super.* 250, 531 *A.*2d 1078 (App.Div.1987).

If time limitations are present in the body of the rule, and the motion before the court has not been filed in a timely manner, the court must determine whether the time limitations may be relaxed in the interest of justice. *R.* 1:1-2 addresses the relaxing of the court rules:

"The rules in part I through Part VIII, inclusive, shall be construed to secure a just determination, simplicity in procedure, fairness in administration and and the elimination of unjustifiable expense and delay. Unless otherwise stated, any rule may be relaxed and dispensed with by the court in which the action is pending if adherence to it would result in an injustice ..."

The clause "Unless otherwise stated" in *R.* 1:1–2 is extremely important to the application of that rule, for the rules have reserved certain time limitations as inviolable; they may not be enlarged by the parties nor the courts. *R.* 1:3–4 sets forth a number of instances in which the enlargement of the time specified in the rules is prohibited. Of particular importance to the instant case, *R.* 1:3–4(c) states that "[n]either the parties nor the court may ... enlarge the time specified by *R.* 1:7–4 (motion for amendment of findings)." Thus, in order for a motion pursuant to *R.* 1:7–4 to be heard, it must be filed within 10 days after the entry of final order or judgment.

### III.

At the outset it is to be noted that no one can argue that society is best protected when D.W.I. charges are resolved on the merits. Just as surely, courts should view procedural dismissals in a different light than dismissals on the merits. Clearly there is a "... general policy against procedural frustration of determinations on the merits ... 'implicit in the philosophy of our new judicial structure and rules'" *Escoett v. Aldecress Country Club*, 16 *N.J.* 438, 452, 109 *A.*2d 277 (1954) citing *Ciocca v. Hacker*, 4 *N.J.Super.* 28, 33, 66 *A.*2d 451 (App.Div.1949). Further, "there is a reluctance to dismiss a cause on technicalities." *Hackensack v. Rubenstein*, 37 *N.J.* 39, 51, 178 *A.*2d 625 (1962). The court notes the statewide and national effort to punish drunk drivers and to make our highways and byways safe. Driving a modern automobile while under the influence of an alcoholic beverage is indeed dangerous. Nationwide statistics clearly and convincingly reflect the coincidence of traffic related deaths and injuries with drunk driving.

Notwithstanding those principles which are vigorously endorsed by most responsible people and institutions, the court determines that the Long Branch Municipal Court erred in reinstating the prosecution against George Fox.

 "It is established by our case law that where the wording of a rule is precise and free from ambiguity on its face, there is no need for judicial interpretation, reliance upon extrinsic material or excercise of discretion." *State v. Zold,* 105 *N.J.Super* 194, 251 *A.*2d 475 (Law Div.1969). *R.* 1:7-4 is precise and unambiguous; motions for rehearing or reconsideration of a final judgment in a municipal court must be filed within 10 days of that final judgment. It is clear that a dismissal of a complaint for lack of prosecution in the municipal court is final rather than interlocutory. *See, State v. Burten,* 207 *N.J.Super.* 53, 60, 503 *A.*2d 907 (App.Div.1986). Although dismissals for lack of prosecution are not predicated on the defendant's factual innocence of the charges (*see State v. Barnes,* 84 *N.J.* 362, 371, 420 *A.*2d 303 (1980)), the dismissal completely terminates the proceedings against the defendant. *See Nicholas v. Sugar Lo Co.,* 192 *N.J.Super.* 444, 450, 471 *A.*2d 44 (App.Div.1983), *cert. denied* 96 *N.J.* 284, 475 *A.*2d 582 (1984).

 Thus, applying the rules to the facts of the instant case, the municipal court below had no authority to reconsider and relist the charges against the defendant George Fox. The final judgment dismissing the charges against the defendant was issued on December 19, 1990. In order for the court to reconsider that dismissal, a motion for rehearing should have been filed within 10 days; that time could not be enlarged. However, the municipal prosecutor did not file that motion until January 17, 1991, well beyond the 10 day time period. Thus the municipal prosecutor's motion was out of time and should not have been considered by the municipal court below.

528

## IV.

The court directs that the defendant, George Fox, through his attorney submit an order pursuant to *Rule* 3:1–4(c), the 5 day rule, on notice to the Monmouth County Prosecutor providing for a remand of the matter to the Long Branch Municipal Court for the entry of a judgment of dismissal.