FRANK A. TOTH, COMPLAINANT–RESPONDENT, v. FREDER-
ICK BIGELOW, DEFENDANT, AND NEW JERSEY ZINC
COMPANY, DEFENDANT–APPELLANT.

Argued January 24, 1949—Decided February 21, 1949.

*Mr. Josiah Stryker* argued the cause for the defendant-appellant, New Jersey Zinc Company (*Messrs. Stryker, Tams & Horner,* attorneys).

*Mr. Thomas McNulty* argued the cause for the complainant-respondent (*Messrs. Milton, McNulty & Augelli,* attorneys).

The opinion of the court was delivered by

BURLING, J. This is an appeal by the New Jersey Zinc Company from an order of the former Court of Chancery denying a motion by the appellant to dismiss a bill to quiet title. The bill, filed under the statute, *R. S.* 2:76–2 *et seq.,* to quiet title to approximately 10.71 acres of land in Sussex County, named appellant and one Frederick Bigelow as defendants. As the result of an interchange of pleadings the jurisdiction of the Court of Chancery was placed in issue and the matter came on for preliminary hearing limited to the jurisdictional issue conformably to the practice of that court. At the conclusion of

respondent's case the appellant moved to dismiss the bill. From a denial of this motion this appeal was taken. Frederick Bigelow, the other defendant, filed an answer setting up title to a portion of the land in question in himself and neither questioned the jurisdiction of the Court of Chancery nor joined in the appeal.

When the jurisdiction of Chancery is disputed in an action to quiet title under the statute, *R. S.* 2:76–2 *et seq.,* it is the practice to bring the matter on for preliminary hearing upon that question alone. *Sheppard v. Nixon,* 43 *N. J. E.* 627, 632 *(E. & A.* 1887*); Fittichauer v. Metropolitan Fire Proofing Co.,* 70 *N. J. E.* 429, 433 *(Ch.* 1905*); Kocher & Trier, New Jersey Practice and Precedents, Sec.* 316, *p.* 941 *(1924).* At such hearing the statutory requirement is satisfied if the complainant proves peaceable possession of the land in question, a claim of ownership thereof by himself, a denial or disputation of his title or any part thereof or interest therein by any other person claiming to own the same and that no suit is pending to enforce or test the validity of such adverse title or claim. A proof of the above factors would appear to satisfy the statutory requirements, but to them the Court of Errors and Appeals in *Jersey City v. Lembeck,* 31 *N. J. E.* 255 *(E. & A.* 1879*)* added the requirement that the complainant must also prove that he is unable to obtain an adequate remedy at law through an action in ejectment. Upon proof of these elements the bill will be retained for disposition upon the merits.

An examination of the record in the instant case and of the statement of questions involved discloses that the appellant has challenged the jurisdiction of Chancery upon two grounds, the resolution of either of which in its favor would necessitate a dismissal of the bill.

The first of these is the allegation that the respondent is not in possession of the land in question within the meaning of the statute. The factual background of this allegation is as follows: Both parties claim title to the premises through mesne conveyances from a certain Dr. Samuel Fowler who, prior to September 1, 1836, was seised of the premises together with other lands. On that date he conveyed unto Nathaniel Wether-

al, Jr. and William L. Ames in fee certain land not now in question, together with "all the iron, zinc and other ores on or within any of the lands of the said Samuel Fowler in the said County of Sussex." The respondent, after alleging his title to the surface of the land to come, via mesne conveyances, from the said Dr. Samuel Fowler, alleges that the title to the mineral rights is also in him through an entirely different chain of title. The appellant while conceding respondent's title to the surface, contends that complainant's chain of title to the minerals is based upon a fallacious interpretation of certain deeds in that chain of title and that a correct reading thereof results in a break in respondent's chain of title. Further, it is appellant's contention that ownership of the minerals is in itself through a third chain of title, likewise derived from Dr. Samuel Fowler. Although the appellant has never taken steps to reduce the minerals in question to possession it advances the proposition that whether it has done so or not is immaterial; that since there was a severance between ownership of the surface and of the minerals possession of the surface does not import possession of the minerals and, since possession is a statutory predicate of this action, the respondent has failed to prove the necessary factors to warrant a retention of the bill with the resultant conclusion that it should have been dismissed.

We are met at the outset by the preliminary question of whether it is necessary at this time to enter into an examination and interpretation of the instruments in the respective chains of title of all the parties concerned. Appellant urges us that it is necessary to do so, his premise being based upon the argument that, a severance having occurred, a proper interpretation of the chains of title would show that such severance has never been reunited. While this could conceivably be true we do not deem it necessary to consider the matter for we are of the opinion that this is a matter for decision at the time when the case is heard on the merits. At that time the appellant may present evidence and argument that it deems fit in opposition to respondent's case, including the arguments based upon an interpretation of the chains of title. We are of the

opinion, however, that at this stage in the suit it is neither necessary nor proper for the court to consider this argument.

In its essential elements the question is whether possession of the surface carries with it possession of the minerals underneath it in the face of an allegation of severance by a prior common owner, neither party having attempted to reduce the minerals in question to possession. We are of the opinion that it does.

■■ While the precise question does not appear to have been decided in this jurisdiction its answer flows from well known and logical principles. At the common law the rule was that ownership of the surface imported ownership of an indefinite extent, upwards and downwards. *Reg. v. Northumberland (The Case of Mines)* 1 *Plowd.* 310, 75 *Eng. Reprint* 472 *(Court of Exchequer, 1556)*; 1 *Bl. Com.* * 295. The term land was *nomen generalissimum* including not only the face of the earth but everything under it. *Cujus est solum, ejus est usque ad inferos.* The sole exception to this rule insofar as subsurface ownership is concerned was as to ores of gold and silver, title to which devolved *eo instante* upon the crown. This exception does not apply in this state as the grant by Charles II to James, Duke of York, in 1664 of the land now comprising this state specifically conveyed all mines and minerals therein existing. *Vol. IV, R. S.* 1937 *p.* 115, *N. J. S. A.* *"Acts Saved from Repeal" p.* xxxix. And, moreover, the reasons for an exception do not apply in this country. 36 *Am. Jur. "Mines and Minerals" Sec.* 6, *p.* 285. We have been cited to no authority for the proposition that the principles of the common law are inapplicable to the instant case and in our opinion they are controlling. This rebuttable presumption of the common law is the rule in other jurisdictions as well as our own. 36 *Am. Jur. "Mines and Minerals" Sec.* 218, *p.* 432. Unless, therefore, appellant can bring the case without the scope of the common law rule it must be considered as controlling. *Blackwood Imp. Co. v. Public Service Corporation,* 91 *N. J. E.* 220 *(Ch.* 1919*)*. The appellant will be afforded an opportunity to rebut the presumption at the final hearing and if it is proven that a severance does in fact exist then the

respondent's surface possession would not extend to the minerals.

■ The appellant concedes the principle of the scope of ownership but asserts that, by reason of the alleged severance, it no longer applies. To be sure, the ownership of subsurface rights, including minerals, may be severed from the surface and thereafter constitute a separate fee in another plane of the same land and after such severance has been effected a distinct and separate estate of inheritance exists therein. *Hartwell v. Camman,* 10 *N. J. E.* 128 *(Ch.* 1854*);* 1 *Thompson, Real Property (1939) Sec.* 78, *p.* 108. And, although the question does not seem to have been passed upon in New Jersey the great weight of authority is to the effect that, when such severance has been made, a possession of the surface does not constitute possession of the subsurface. Refer to annotations in 93 *A. L. R.* 1232 *(1934); 67 A. L. R.* 1442 *(1930); and* 13 *A. L. R.* 375 *(1921).* However in the instant case the question is not, as appellant would have it, whether such a severance is valid, but whether it exists at all and this cannot be determined until a hearing on the merits.

Appellant cites *Condict v. Erie Railroad Co.,* 80 *N. J. E.* 519 *(E. & A.* 1912*)* as authority for the proposition that complainant is not in possession of the subsurface. That case is clearly distinguishable. There the defendant's predecessor had dug a tunnel under the surface of the complainant's land and the Court of Errors and Appeals held that there was such possession of the subsurface as would furnish the basis for ejectment instead of a bill to quiet title. The factual difference is obvious.

■ The appellant further advances the argument that the effect of the decision of the Court of Chancery is to cast the burden and risk of establishing title upon it instead of upon the respondent. As to this contention the words of Vice Chancellor Stevenson in *Fittichauer v. Metropolitan Fire Proofing Co., supra* are particularly apt:

*(at p.* 431*):* "If the complainant proves the jurisdictional facts the result is that the defendant is called upon affirmatively to set forth and maintain by proofs any adverse title or claim which he holds. The pleading of the defendant, if it sets forth a legal title, may be in effect a declaration in ejectment, and if it sets forth an equitable title,

it may be in effect a bill in chancery. The complainant is under no obligation even to exhibit his own title until after the defendant has shown title. * * * *".

Moreover, in the instant case to establish possession of the minerals for the purpose of maintaining this suit, we ought not to require a person who is admittedly in possession of the surface to dig a hole, perchance against his will, because of allegations in pleadings.

The second question presented by the appellant is that the respondent had an adequate remedy at law in an action in ejectment. For this proposition reliance was placed upon *Condict v. Erie Railroad, supra*. The factual difference commented upon above is sufficient to distinguish the principles. Ejectment is an action brought by one out of possession of land against one who is in possession thereof or makes claim thereto if the land be vacant. *R. S.* 2:51–3. In the present state of affairs respondent is, for the purpose of the preliminary hearing, in possession of the land in question and consequently is not entitled to maintain ejectment. Appellant may well succeed at the final hearing in interposing a bar to respondent's title, which will have the effect of overcoming the *prima facie* presumption of possession of the minerals by respondent. Until that presumption is overcome we are of the opinion that the possession of the surface carries with it the presumptive possession of the minerals beneath. It necessarily follows that the order of the Court of Chancery was correct and must be affirmed.

The judgment of the former Court of Chancery is affirmed and the cause is remanded to the Chancery Division of the Superior Court for further proceedings in accordance with this opinion and the practice of that court.

*For affirmance:* Chief Justice VANDERBILT and Justices HEHER, WACHENFELD, BURLING, and ACKERSON—5.

*For reversal:* None.