7 N.J. Super. 15 (1950)
71 A.2d 648
ROSE MADDOX, PLAINTIFF-APPELLANT,
v.
HOREEN HORNE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1950.
Decided March 3, 1950.
*16 Before Judges COLIE, EASTWOOD and JAYNE.
Miss Lillian Clawans argued the cause for the plaintiff-appellant.
Mr. Leslie H. Kohn argued the cause for the defendant-respondent.
The opinion of the court was delivered by JAYNE, J.A.D. (Temporary assignment.)
Formerly this case would have been characterized as a typical action in ejectment. The plaintiff seeks judgment for the possession of certain premises against the present occupant. The defendant in her answering pleading denies that the plaintiff is entitled to possession.
By means of interrogatories and the examination of the plaintiff before trial, it became evident that each of the parties claims adversely to the other to be the tenant of the owner of the premises. An order was made advancing the case on the trial list.
The action was in this situation when the defendant pursuant to Rule 3:12-2 sought to assert by motion the defense that the plaintiff had failed to join the landlord as an indispensable party to the action and requested a summary judgment in favor of the defendant on that ground. The *17 defendant's motion was granted by the order dated September 26, 1949. It is manifest from the examination of the notice and the resultant order that the court was not concerned with a motion for summary judgment under Rule 3:56-1 et seq.
In the absence of a statutory change of the common law rule, the person in actual possession of the premises is the only necessary party defendant in an action in the nature of ejectment. The lessor is not a necessary party. The plaintiff may, however, join the landlord as a defendant. R.S. 2:51-3. To enable the landlord to protect his interests if they are in any wise implicated, the tenant who is served with a summons in an action seeking possession is consequently obliged forthwith to notify his landlord of the institution of the action. R.S. 2:51-7. The landlord may by leave of court be admitted to appear and defend the action. R.S. 2:51-11. Neither the statutes nor the common law rules require the plaintiff to make the lessor a party defendant against whom he seeks no redress or judgment. The order was therefore erroneously granted.
Moreover, the stringent common law practice to abate an action for the misjoinder or non-joinder of parties plaintiff or defendant is not now commonly pursued. The strict rules of the common law originated in those days when parties to a suit were excluded as witnesses because of interest. There was then a motivating reason for a plaintiff to omit one who ought to be joined as a plaintiff, so that he would be able to use him as a witness. Correspondingly, there was a propensity to join too many defendants in order to exclude them from testifying for the proper defendants.
In 1849 our Legislature enacted that in civil actions parties should be admitted to be sworn and give evidence when called as witnesses by the adverse party. P.L. 1849. p. 264, § 2. In 1859 the disqualification of witnesses by reason of interest in the litigation, as a party or otherwise, was extinguished. P.L. 1859, p. 489.
Even at common law the consequences of omitting a party who ought to have been joined as a defendant were *18 less serious, because this objection could only be projected by a plea in abatement. 1 Chit. Pl. (13th Am. from 7th London Ed.) 44 et seq.
Ever since our Practice Act of 1855, the matter of the misjoinder and non-joinder of parties has been regarded with less significance and importance, and the opportunity has been afforded generally to dismiss or add parties. For many years our statute has ordained that an action shall not be defeated by the non-joinder or misjoinder of parties and that new parties may be added and parties misjoined may be discharged, by order of the court at any stage of the cause, as the ends of justice may require. P.L. 1903, p. 537; P.L. 1912, p. 379; R.S. 2:27-31. Rule 3:21 entitled "Misjoinder and Non-joinder of Parties" authorizes the court on motion or of its own initiative to drop or add parties at any stage of the action and on such terms as are just. This progressive transformation of procedure and policy is thus discernible. A liberal policy to relieve litigants from those harsh "procedural frustrations" which can be readily eradicated is implicit in the philosophy of our new rules relating to the administration of justice. Ciocca v. Hacker, 4 N.J. Super. 28 (App. Div. 1949); Cf. Stack v. Borelli, 3 N.J. Super. 546, 552 (Law Div. 1949).
The order of September 26, 1949, under review is reversed and set aside.