HARRY PERLSTEIN, PLAINTIFF-APPELLANT, v. FLOR-
ENCE C. PEARCE, MARY A. PREDMORE, AUGUSTUS
C. PREDMORE AND ROSE E. PREDMORE, DEFEND-
ANTS-RESPONDENTS.

Argued March 16, 1953—Decided April 27, 1953.

*Mr. Abraham Frankel* argued the cause for the plaintiff-appellant (*Messrs. Frankel and Frankel*, attorneys).

*Mr. David A. Veeder* argued the cause for the defendants-respondents.

The opinion of the court was delivered by

OLIPHANT, J.  Appellant in this cause filed an action to quiet title to a tract of land of some 97 acres in Dover Township, Ocean County.  The premises are described by metes and bounds in the complaint.  The complaint alleges that appellant took title on May 12, 1951, from one Gerber and wife, by a warranty deed in fee simple, and further alleges that he had been in peaceable possession of the lands and that the defendants claimed to own the same or some interest therein.

The defendants-respondents had previously owned the land as heirs of William S. Predmore and had conveyed whatever interest they had by a deed dated December 22, 1948, to Arthur Waugh, and he in turn had conveyed the title to Gerber.

Prior to this latter conveyance the two defendants, Florence C. Pearce and Mary A. Predmore, on December 30, 1949 filed a suit in the Superior Court, Chancery Division, against one Waugh, one Silverman who had executed the acknowledgment on the deed and who allegedly had an interest in the transaction, Augustus C. Predmore, Rose E. Predmore, and one De Fonis, to vacate and set aside the deed given to Waugh on December 22, 1948 on the ground that it had been obtained by fraud. The gist of the fraud was that the deed was altered after execution and before recording by Silverman and that he added to the deed four additional tracts identified by reference to four different deeds.

In that action on December 7, 1950 the trial court determined and adjudged that the first tract described in the deed was in the deed when executed, but that the other four parcels described in the deed were fraudulently added after its execution. The deed was held good as to the first tract but the conveyance as to the other parcels was set aside and damages were assessed against Silverman.

The appellant contended below he is presently the owner of the property described in the first paragraph of that deed and that that property is the same property mentioned in his deed, and that the judgment obtained in the Pearce-Predmore suit casts a cloud on his title.

The trial court below found that the appellant's warranty deed from Gerber was valid; that the appellant was a *bona fide* purchaser; that the premises which are involved here are the same as those described as the first tract of the deed in question in the previous suit; that the lands are not "wild lands" within the statutory definition, and that the plaintiff was the owner in fee of the tract described in the complaint.

On appeal to the Appellate Division that court reversed the aforesaid judgment holding that the complaint should have been dismissed because an action to quiet title under *R. S.* 2:76–2 (*N. J. S.* 2A:62–1) could be maintained only by a plaintiff who is in possession in fact and not merely constructively, and that the plaintiff-appellant had failed to establish such possession. It further held that there was no basis for the complaint on the theory of the doctrine of *quia timet*, and that the appellant's remedy was by an action in the Law Division in the form of an action in ejectment or for possession. See *Rule* 3:74–1.

This court granted certification on the appellant's petition therefor.

The Appellate Division was in error in holding that the complaint should have been dismissed. The complaint filed alleges a suit to quiet title cognizable in equity, and even assuming that the appellant's remedy was by complaint in the form of an action for ejectment, the cause should have been retained and remanded to the Chancery Division since no objection to the jurisdiction had been made by the defendants and the cause initially was properly brought in the Chancery Division, *Rule* 3:40–2; *Art.* VI, *Sec.* III, *par.* 4 of the Constitution; *Poulos v. Dover Boiler & Plate Fabricators*, 2 *N. J. Super.* 473 (*Ch. Div.* 1949); reversed on other grounds, 5 *N. J.* 580 (1950); *O'Neill v. Vreeland*, 6 *N. J.* 158 (1951); *Massari v. Einsiedler*, 6 *N. J.* 303 (1951); and further no timely application was made by either party to transfer the action to the Law Division or by the court on its own motion. *Rule* 3:40–3.

The Appellate Division found, contrary to the trial court, that the lands involved were "wild lands" within the statutory definition, and from the short record it appears to be a proper deduction. In fact, the appellant does not now contest this holding or claim that he comes within the provisions contained in *R. S.* 2:76–3. Under that particular section, where the lands are "wild lands" actual peaceable possession is not necessary if the person alleges ownership in fee under a deed duly recorded and has paid the taxes

thereon, or the taxes have been assessed to prior grantors for five years a presumption arises that the plaintiff is in peaceable possession. Appellant does not have the benefit of that presumption until he establishes the jurisdictional facts set out in that section, and this he failed to do below, and we are in accord with the Appellate Division that the appellant does not have the possession in fact to bring him within the provisions of *R. S. 2:76–2. Sheppard v. Nixon, 43 N. J. Eq. 627 (E. & A. 1887).*

In *Barry v. Tunick, 97 N. J. Eq. 281 (E. & A. 1924),* the test of peaceable possession was stated to be whether the defendant had interfered with the plaintiff's possession by acts of such character that a suit at law could be maintained, and there is no proof of this in the record sufficient to have sustained a judgment in the appellant's favor, and as pointed out there is no presumption of peaceable possession. *Cf. Toth v. Bigelow, 1 N. J. 399 (1949).* It may be that such proof may be supplied on the retrial of the issue; *cf. Girard Trust Co. v. McGeorge, 128 N. J. Eq. 91 (Ch. 1940).* The allegations of the complaint, therefore, were not sustained by the proof to permit the entry of a judgment quieting the title.

Neither would a judgment for the appellant, under the proofs, be sustainable if the complaint be considered in the nature of a bill *quia timet. Estate of Gilbert Smith v. Cohen, 123 N. J. Eq. 419 (E. & A. 1937).*

The rule is stated in *Pomeroy, Equity Jurisprudence (5th ed.), sec. 1399, p. 1028,* to be:

"* * * a plaintiff out of possession, holding the legal title, will be left to his remedy by ejectment under ordinary circumstances. But where he is *in possession,* and thus unable to obtain any adequate legal relief, he may resort to equity. Where on the other hand, a party out of possession has an equitable title, or where he holds the legal title under circumstances that the law cannot furnish him full and complete relief, his resort to equity to have a cloud removed ought not to be questioned."

In the *Gilbert* case the court, in emphasizing that the fundamental basis of a suit *quia timet* is the lack of sufficient remedy at law, said:

"If, by reason of defendant's possession, ejectment is an appropriate remedy, and there are no peculiar circumstances calling for equitable interposition, complainant will be left to his legal remedy. He is required, in such circumstances, to put the adverse title asserted by the defendant to the legal test. \* \* \*

The particular ground of this equitable jurisdiction (*quia timet*), where extrinsic evidence is necessary to show the invalidity of the deed or other instrument affecting the title, is that such outstanding document may be asserted to the detriment, injury, or embarrassment of the holder of the legal title when, by reason of lapse of time or other circumstances, the evidence to demonstrate its validity may not be available, or its authority may be impaired, *and there is no way by which the title holder can put this possible adverse claim to a test and determination at law.* The possibility of a future unconscionable- or inequitable use of the instrument, with the consequent clouding of the title, justifies appropriate equitable relief where there is no sufficient legal remedy." (Italics supplied).

The basic issue in dispute in this case is whether the property described in the deed from the Predmores to Waugh on December 22, 1948 is the same property that is described in the deed from Gerber to the appellant made in 1952. There is an ambiguity in the Predmore-Waugh deed as to the meaning of the description of the land and it is upon this deed the appellant relies. The language in that deed is as follows:

"All those parcels of land and premises located the County of Ocean, State of New Jersey and more particularly described in the deed Albert Johnson *et al* to William S. Predmore and recorded in Book of Deeds 427 page 67 in the said county Clerks office at Toms River indicating about 100 acres of woodland located in Dover Township, N. J."

The proofs in the record are rather sparse, but they indicate there is no conveyance on record from Albert Johnson to the Predmores. There is a deed from Abraham J. Johnson to William S. Predmore, dated August 12, 1916 and recorded in Book 474 page 67. But this particular deed only conveys a one-sixth interest in the property; and there is another deed from Cowperthwaite to William S. Predmore dated September 21, 1916, and recorded in Book 474 page 69, and this latter deed conveys all the right, title and interest in the property to Predmore.

The land claimed in fee in the complaint is less in area than the lands conveyed by the Johnson-Predmore deed, but from what has been set out it is clear there is a definite ambiguity in the Waugh-Predmore deed as to the identity of the land conveyed. This question could have been determined, but apparently was not, in the suit between these defendants and Waugh to set aside the deed of December 22, 1948.

The defendants are in possession, and while the general rule is that ejectment can be maintained only against a defendant in possession, the rule is subject to several exceptions and one is where the defendant claims title to or an interest in the premises and both parties derive title from a common source, or where the land is vacant and unoccupied ejectment will lie. To put it another way, ejectment will lie against one out of possession claiming title when the lands are vacant and unoccupied. 19 *C. J.* 1068, *p.* 1069; see, also, 28 *C. J. S., Ejectment,* §§ 25, 26.

In an action in ejectment the plaintiff has the burden of establishing his title, and if he fails to establish a good paper title the judgment must go against him. *Troth v. Smith,* 68 *N. J. L.* 36 (*Sup. Ct.* 1902); *Ridgefield Park v. N. Y. S. & W. Railroad Co.,* 85 *N. J. L.* 278 (*E. & A.* 1914). Therefore, the appellant on the remand of this cause must establish the identity of the property and that he holds the title in fee simple by virtue of his deed from Gerber. It may be that the appellant may desire to attempt to obtain reformation of the deed from the Predmores to Waugh, but the complaint will have to be further amended to set forth a cause of action for reformation.

The judgment of the Appellate Division is reversed and the cause remanded to be proceeded with in accordance with this opinion. No costs.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, JACOBS and BRENNAN—5.

*For affirmance*—Justices WACHENFELD and BURLING—2.