Selmes Paul **FUNKHOUSER**, Plaintiff,

v.

**CITY OF NEWARK**, a municipal corporation of New Jersey, and/or Port of New York Authority, a body corporate and politic, created by Compact between the States of New York and New Jersey, with the consent of the Congress of the United States, Defendants.

Civ. A. No. 798-59.

United States District Court
D. New Jersey.
March 30, 1960.

Emanuel Gersten, Hillside, N. J., for plaintiff.

Nicholas Albano, Cedar Grove, N. J., for defendant City of Newark.

Francis A. Mulhern, New Jersey Sol., Port of New York Authority, Newark, N. J., Sidney Goldstein, Gen. Counsel, Port of New York Authority, New York City, for defendant Port of New York Authority.

WORTENDYKE, District Judge.

The present action, based upon the diversity jurisdiction of this Court, is

essentially in ejectment for interference with plaintiff's possession of, and for deprivation of rents and profits from lands in this District. The City of Newark, a municipal corporation of the State of New Jersey was originally the sole defendant, but, before answer was due, the complaint was amended and Port of New York Authority (Port Authority), a body corporate and politic, created by compact between the States of New York and New Jersey, with the consent of Congress, was joined as a codefendant. Both defendants have been duly served. On appropriate motion, the amended complaint was dismissed as to defendant Port Authority for plaintiff's failure of compliance with the requirement of N.J.S.A. 32:1-163, 164, and McKinney's Unconsolidated Laws of New York §§ 6694 and 6695, that written notice of claim for money damages be served on Port Authority at least sixty days prior to institution of suit against it. This defect having been thereafter cured and further amended complaint served and filed, Port Authority now moves for an order dismissing the last amended complaint as against it, for lack of jurisdiction of the subject matter and of the person of that defendant, by reason of the provisions of Sections 1 and 2 of Chapter 204, Laws of New Jersey 1951 (N.J.S.A. 32:1-157, 158) and Sections 1 and 2 of Chapter 301 Laws of New York 1950 (McKinney's Unconsolidated Laws of New York §§ 6688, 6689).

The statutory provisions relied upon in support of the present motion are similar in both States. The New Jersey sections read as follows:

"32:1-157. Consent to suits

"Upon the concurrence of the State of New York in accordance with section twelve hereof, the States of New York and New Jersey consent to suits, actions or proceedings of any form or nature at law, in equity or otherwise (including proceedings to enforce arbitration agreements) against the Port of New York Authority (hereinafter referred to as the 'Port Authority'),

and to appeals therefrom and reviews thereof, except as hereinafter provided in sections two through five, inclusive, hereof. (L.1951, c. 204, p. 740, § 1.)

"32:1-158. Suits accruing before effective date of act

"The foregoing consent does not extend to suits, actions or proceedings upon any causes of action whatsoever accruing before the effective date of this act, other than causes of actions upon, in connection with, or arising out of notes, bonds or other obligations or securities secured by a pledge of the general reserve fund of the Port Authority. (L.1951, c. 204, p. 740, § 2)"

Section 6 of the New Jersey Act (N.J.S.A. 32:1-162) conditions consent to suit upon the laying of venue in a county or judicial district established by New York or New Jersey or by the United States and situated wholly or partially within the Port of New York District. Section 7 of the same Act (N.J.S.A. 32:1-163) conditions such consent to suit upon commencement of action within one year after accrual of the cause of action, and upon service of sixty-day notice of claim as previously mentioned.

In his answers to interrogatories, plaintiff has fixed the first alleged wrongful entry of this defendant upon the lands described in the complaint as "March 22, 1948, when the Port Authority/City of Newark lease covering Port Newark became effective, which basic lease is dated October 22, 1947 and recorded on October 30, 1947 in the Register's office of Essex County in Book E110 of deeds on page 242," etc.

The question presented by the present motion is whether the cause of action alleged in this case against the Port Authority is included within the consent to be sued granted by the statute relied upon. In the other words, does the plaintiff's admission that his cause of action accrued prior to the effective date of the statute preclude its enforcement against this defendant?

It is conceded by both parties that the Port of New York Authority is a sovereign agency of the States of New York and New Jersey and, therefore, immune to suit in the absence of the statutory consent to which reference has been made. See Howell v. Port of New York Authority, D.C.N.J.1940, 34 F.Supp. 797; Port of New York Authority v. Township of Weehawken, Chanc.Div.1953, 27 N.J. Super. 328, 99 A.2d 377, reversed on other grounds 1953, 14 N.J. 570, 103 A.2d 603. The rule of strict construction of a statutory waiver of sovereign immunity to suit, as applied to Port Authority, will be found in Rao v. Port of New York Authority, D.C.E.D.N.Y. 1954, 122 F.Supp. 595, affirmed 2 Cir., 1955, 222 F.2d 362. Thus it becomes essential to determine when the plaintiff's cause of action, if any, accrued against this defendant. Reference has been made to the answer to interrogatories which fixes the date of accrual of a cause of action against this defendant more than three years prior to the taking effect of the statute granting consent to be sued. Is the present suit upon a cause of action "accruing before the effective date of (the) act"?

■ The form of the complaint is a classic example of a declaration in ejectment. See Maddox v. Horne, App.Div. 1950, 7 N.J.Super. 15, 71 A.2d 648; Perlstein v. Pearce, 1953, 12 N.J. 198, 96 A.2d 392. Ejectment is an action brought by one out of possession of land against one who either is in possession thereof or who makes claim thereto, if the land be vacant. Toth v. Bigelow, 1949, 1 N.J. 399, 64 A.2d 62. The cause of action accruing to one entitled to the right of possession of real property in the possession of another (or to which real property another claims title) is now a matter of statute in New Jersey. See N.J.S.A. 2A:35-1. The following section, 2A:35-2 provides that, in any such action for possession, the plaintiff shall be entitled to recover from the defendant any and all incidental damages, including mesne profits and the full value of the use and occupation of the premises for the time, not exceeding six years, before the commencement of the action, during which the defendant was in possession thereof.

Port Authority contends that because the interference with possession commenced March 22, 1948, before the statutory grant of consent to be sued, it may continue in possession with complete immunity to suit by virtue of its status as a sovereign agency.

■ Plaintiff argues, however, that although the interference with possession commenced on March 22, 1948, it has continued ever since, and, in effect, creates a continuing ouster of plaintiff's right to possession which flows from his asserted title. It is not contended that Port Authority asserts title to the premises in question; indeed, it is conceded that Port Authority holds as a lessee of the co-defendant City of Newark. Plaintiff's sole remedy against Port Authority, therefore, is by way of ejectment, in which he must win or lose upon the strength or weakness of his own title. He may not seek mandamus in this Court to compel condemnation. Port Authority, in effect, says "We do not consent to be sued for the possession which we took commencing March 22, 1948, or for any of the succession of days, months and years following that date until the Act took effect on June 13, 1951." Plaintiff's cause of action under the New Jersey Statute, N.J.S.A. 2A:35-1 et seq., is continuing; his damages, however, are limited to a period not exceeding six years prior to the commencement of suit. Had the present action been commenced the day following the effective date of the Act which embodied the consent to be sued, it would have rested upon a valid cause of action which accrued immediately upon the taking effect of the Act. Despite the strict construction to which the Act permitting suit must be subjected, a construction inconsistent with the clear intent of the Act was never contemplated. The construction here contended for by the Port Authority would completely deprive the plaintiff of his statutory right to assert and try his title

**18**

to and right to possession of the lands described in the complaint, of which the Port Authority is concededly in possession under its lease from the City of Newark. Its adoption would involve unconstitutional denial of due process of law.

I conclude, therefore, that the pending motion must be denied, and an order may be presented in accordance with the views herein expressed.