**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3961-21

LJ'S ACQUISITION GROUP,
LLC,

     Plaintiff-Respondent,

v.

JOHN MICHAEL COHAN,

     Defendant-Appellant.

_____

          Submitted October 16, 2023 – Decided December 12, 2023

          Before Judges Gilson and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. DC-002529-22.

          Hegge & Confusione, LLC, attorneys for appellant (Michael James Confusione, of counsel and on the briefs).

          Greenblatt, Lieberman, Richards & Weishoff, LLC, attorneys for respondent (Nicolas Gordon Rotsides, on the brief).

PER CURIAM

Plaintiff LJ's Acquisition Group, LLC (plaintiff or LJ's Group) filed a summary action in the Special Civil Part, seeking to eject defendant John Michael Cohan (defendant or Cohan) from real property located at 111 Rich Avenue, Berlin, New Jersey (the Property). Defendant appeals from a May 6, 2022 judgment awarding possession of the Property to plaintiff and ordering defendant to vacate the Property. He also appeals from a July 8, 2022 order denying his motion for reconsideration.

Defendant argues that he was a tenant and was entitled to protection from ejectment under the Anti-Eviction Act (A-E Act), N.J.S.A. 2A:18-61.1 to -61.12. The trial court found that defendant was not a tenant and that plaintiff, who indisputably owned the Property, was entitled to possession. Because those findings are supported by substantial, credible evidence in the record, we affirm.

I.

We discern the relevant facts from the record. In doing so, we note that neither party has fully explained the series of transactions resulting in the sale of the Property to plaintiff. In that regard, on his motion for reconsideration, defendant submitted numerous documents, including contracts of sales and deeds. Many of those documents, however, were not fully executed and were

not properly authenticated. Consequently, we focus on the narrow issue of whether defendant proved he was a tenant.

LJ's Group purchased the Property from ADH Holdings, LLC (ADH LLC) in December 2019. The deed evidencing that sale was "made on December 3, 2019 and delivered December 6, 2019." The purchase price was identified as $187,000.

Cohan was associated with ADH LLC, but he has not fully described his relationship with or ownership interest in that limited liability company. Cohan did submit documents indicating that the Property had been sold to ADH LLC by Capitulum, LLC, another limited liability company Cohan asserts he owned, on the same day the deed to the Property was delivered to LJ's Group.

Plaintiff and defendant agree that when the Property was sold to LJ's Group, it was anticipated that Cohan would live at the Property, renovate it, and purchase the Property back from LJ's Group in ninety days. Accordingly, Cohan, through a limited liability company identified as "111 Rich Avenue LLC," signed a promissory note, promising to pay LJ's Group $367,000, plus interest (the Promissory Note). The Promissory Note was dated December 6, 2019, and was fully executed on January 21, 2020. The Promissory Note called for 111 Rich Avenue LLC to make monthly "interest-only payment[s]" of

3

$1,484.74. The principal of $367,000 was "due upon completion of the project securing this note or within SIX (6) MONTHS from the date of" the Promissory Note.[1]

No one disputes that the buy-back never occurred and that LJ's Group continues to own the Property. What is in dispute is LJ's Group's right to possess the Property.

LJ's Group contends that Cohan stopped making the monthly payments under the Promissory Note and that LJ's Group subsequently demanded that he vacate the Property. In July 2020, LJ's Group filed an eviction action against Cohan, asserting that he was a tenant who had defaulted on his rent payments and owed over $11,300. That eviction action was later dismissed without an adjudication on the merits.

In April 2022, LJ's Group filed this summary ejectment action. LJ's Group did not seek any monetary damages; rather, the only relief sought was to eject Cohan from the Property and take possession of the Property.

On May 6, 2022, a hearing was held in the Special Civil Part. Cohan did not submit the transcript of that hearing on this appeal. Nevertheless, he does

---

[1] The record does not include any document describing the "completion of the project securing the Promissory Note."

not dispute that he appeared at that hearing representing himself. The record also establishes that on May 6, 2022, Cohan contended that he was a tenant who should not be evicted or ejected because he was protected by the A-E Act. In addition, Cohan asserted that he had made significant improvements to the Property, and he should be compensated for the cost of those improvements.

The Special Civil Part judge rejected those arguments and found that Cohan was not a tenant. Accordingly, on May 6, 2022, the judge entered a judgment granting possession of the Property to LJ's Group and ordering Cohan to vacate the Property. The judge also directed that a writ of possession could not be executed until thirty days later; that is, June 5, 2022.

Thereafter, Cohan retained counsel. On May 18, 2022, Cohan's counsel filed for reconsideration. In support of that motion, Cohan certified that he was a tenant of the Property "in a rent-to-own arrangement" with LJ's Group. Specifically, Cohan certified that he originally purchased the Property "through a business [he] owned" with the plan to fix up and resell the Property. He explained that he had defaulted on the original loan he had obtained, "was at risk of losing the [Property]" and, therefore, "entered into a business arrangement with" LJ's Group. According to Cohan, LJ's Group purchased the Property with the plan that he would buy the Property back at a higher price "with the added

5

benefit of [Cohan] making high-value repairs and/or improvements to the [Property]."

With his motion for reconsideration, Cohan also proffered an alleged lease. The lease was between ADH LLC and Cohan and was "made effective as of this [sixth] day of December, 2019." The lease stated that Cohan would use the premises "for business" and would pay a monthly rent of $1,500. Cohan also submitted a letter from Alphonso Hemmeain, the managing member of ADH LLC and ADH Management LLC. The letter was dated May 5, 2022, and stated that ADH LLC had made payments of over $40,000 to LJ's Group on Cohan's behalf and that there had been a "verbal agreement" that Cohan could continue to live at the Property in exchange for the payments.

On July 8, 2022, the same judge who had entered the judgment of possession heard argument on the motion for reconsideration. After reviewing all the new documents submitted, the judge found that Cohan had not established that he was a tenant at the Property. In that regard, the judge found that the Promissory Note did not establish a tenancy because it did not include a right to live at the Property. The judge also rejected the proffered lease as a sham lease. After reviewing the lease, the judge noted that it was supposedly a lease between Cohan and ADH LLC but it was dated three days after ADH LLC had sold the

Property to LJ's Group. Accordingly, on July 8, 2022, the judge entered an order denying reconsideration.

Cohan then moved to vacate the judgment of possession and to stay the execution of the writ of possession. Those applications were denied in orders filed in July 2022. So, Cohan filed this appeal.

Shortly after the notice of appeal was filed, the writ of possession was issued, and Cohan was locked out of the Property in August 2022. LJ's Group submitted a lease reflecting that it subsequently rented the Property to other tenants. The lease submitted commenced on December 1, 2022, and was for a term of six months.

II.

Cohan now appeals from the judgment of possession entered on May 6, 2022, and the July 8, 2022 order denying his motion for reconsideration. Cohan contends that the Special Civil Part abused its discretion in denying his motion for reconsideration. He also argues that the court erred in not vacating the judgment of possession and not allowing him to file an answer contesting the ejection action.

The limited issue before us is whether Cohan established that he was a tenant at the Property protected by the A-E Act. Cohan effectively concedes

A-3961-21

that if he was not protected by the A-E Act, he had no right to remain at the Property because he was not paying rent and because he had not bought the Property back from LJ's Group.

A summary action for ejectment is a limited action brought by a "party claiming the right of possession of real property in the possession of another, or [a party] claiming title to such real property." See N.J.S.A. 2A:35-1; R. 6:1-2(a)(4) (authorizing summary actions pursuant to N.J.S.A. 2A:35-1 to -3, "where the defendant has no colorable claim of title or possession"); J & M Land Co. v. First Union Nat'l Bank, 166 N.J. 493, 520 (2001). To prevail, the party seeking possession must demonstrate that it owns or controls the property and that the person who is to be ejected has no right to remain at the property. Phoenix Pinelands Corp. v. Davidoff, 467 N.J. Super. 532, 615 (App. Div. 2021) (citing Perlstein v. Pearce, 12 N.J. 198, 204 (1953)).

In its summary ejectment action, LJ's Group sought only possession of the Property. It did not seek any monetary damages. Thus, the limited issue before the Special Civil Part was whether Cohan had a colorable claim to remain at the Property. The A-E Act protects residential tenants from being evicted from properties so long as the landlord cannot show good cause for removal under one of the enumerated grounds, which include a tenant's nonpayment of rent.

N.J.S.A. 2A:18-61.1(a); 447 Assocs. v. Miranda, 115 N.J. 522, 527-28 (1989); Hale v. Farrakhan, 390 N.J. Super. 335, 340 (App. Div. 2007). To fall within the ambit of the protections afforded by the A-E Act, the person seeking to prevent eviction must be a traditional residential tenant or lessee. Guttenberg Sav. & Loan Ass'n, 85 N.J. 617, 623-25 (1981) (holding that the A-E Act applies only to traditional landlord-tenant relationships based upon an analysis of the Act's statutory framework and the legislative intent behind its enactment).

On May 6, 2022, the Special Civil Part conducted a hearing and found that Cohan was not a tenant at the Property. The record on the motion for reconsideration reflects that the Special Civil Part judge initially focused on the Promissory Note and found that that Note provided no right for Cohan to reside at the Property. That finding is supported by the substantial, credible evidence in the record.

On the motion for reconsideration, the court also considered the newly filed documents, including the purported lease. At that hearing, the judge found that the alleged December 6, 2019 lease between ADH LLC and Cohan was invalid because ADH LLC had transferred ownership of the Property to LJ's Group through a deed executed on December 3, 2019. In short, the judge found that the lease was a sham because ADH LLC was not the legal owner of the

Property on the date of execution of the alleged lease. That finding is also supported by the substantial, credible evidence in the record. There is no evidence demonstrating that the lease was ever shown to or made known to LJ's Group. Nor is there any evidence that Cohan paid rent to LJ's Group.

Cohan relies heavily on the prior eviction action filed by LJ's Group. In that action, LJ's Group certified under oath that Cohan was a tenant and that he had failed to pay his rent and, therefore, should be evicted. That inconsistent statement, however, does not establish that Cohan was a tenant. LJ's Group dismissed the eviction action before any adjudication on the merits. Consequently, LJ's Group is not collaterally estopped by its claim that Cohan was a tenant. See Arena v. Borough of Jamesburg, 309 N.J. Super. 106, 109-10 (App. Div. 1998) ("The entire controversy doctrine does not affect a plaintiff's right to file a new action based on the same factual allegations as a prior action which has been dismissed without prejudice pursuant to Rule 4:37-1(a)."); Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398 (1991) ("[O]nly a judgment 'on the merits' will preclude a later action on the same claim.")

We need not determine whether Cohan has a separate claim based on that inconsistent statement. Instead, the issue before us is whether Cohan has established that he was a tenant at the Property. As already summarized, there

10

is no evidence establishing that he was a tenant. Accordingly, because there is no dispute that LJ's Group owned the Property, it had a right to possess the Property and eject Cohan. Therefore, we affirm the May 6, 2022 judgment of possession and the July 8, 2022 order denying reconsideration.

In doing so, we point out that our ruling does not preclude Cohan from filing a separate action seeking compensation for the alleged improvements he made to the Property. Indeed, in its brief on this appeal, LJ's Group conceded that Cohan could file such an action even if we affirmed the judgment of possession and order denying reconsideration in this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3961-21